UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH M. SCHAFFER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 1:17-CV-297 |
| v. | § | |
| | § | |
| WENDY ALEXANDER, | § | JURY TRIAL DEMANDED |
| STEVE UTLEY, TOBY | § | |
| LANTHAM,  MICHAEL W. | § | |
| ZIENTZ, AND LSF9 MASTER | § | |
| PARTICIPATION TRUST and | § | |
| MACKIE WOLF ZIENTZ & | § | |
| MANN, P.C. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S VERIFIED  FIRST AMENDED ORIGINAL PETITION FOR WRONGFUL FORECLOSURE, BREACH OF CONTRACT, SLANDER OF TITLE,  VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT, DECLARATORY, TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Joseph M. Schaffer, Jr. Plaintiff herein, and files this Plaintiff's Verified  Original Petition against Wendy Alexander, Steve Utley, Michael W. Zientz, and Tobey Latham in their fraudulent attempt to collect an alleged debt

Plaintiff's Verified First Amended Original Petition

as per the Notice sent to and received by plaintiff dated March 9, 2017 attached hereto and incorporated herein for all purposes as Exhibit "F" and U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust (hereinafter "USB" or "Trustee") as alleged holder plaintiff's promissory note for falsely claiming it has the right to enforce plaintiff's note by instituting non-judicial foreclosure proceedings against plaintiff.    Defendants were apparently attempting to foreclose on plaintiff's residence on April 4, 2017.    There are four individuals named in their individual capacity as each defendant claims to be acting in the capacity of an alleged substitute trustee under one certain Deed of Trust executed by plaintiff on January 19, 2007, when in fact there does not exist an appointment of any of the named defendants as a substitute trustee by the Lender pursuant to the last recorded assignee of said Deed of Trust recorded in the Real Property Records of Hays County, Texas in writing as required by the Deed of Trust.  Plaintiff petitions this Court pursuant to the Declaratory Judgment Act, as codified at Chapter 37 of the Texas Civil Practice and Remedies Code, for a declaration of that the defendants have no authority from any entity authorized under Texas Bus. & Com. Code Section 3.301 as the person entitled to enforce plaintiff's note using the non-judicial sale provisions stated in the Deed Trust plaintiff executed which is attached hereto and incorporated herein as Exhibit "G".

## PARTIES AND SERVICE

1.    Plaintiff, Joseph M. Schaffer, Jr. is an individual and currently resides at 720

Clearview Circle, San Marcos, Hays County, Texas 78666.

Plaintiff's Verified First Amended Original Petition

2.      Defendant Mackie Wolf Zientz & Mann. P.C. ("Mackie Wolf") is a domestic professional corporation and is debt collector as defined under Texas law and has filed an answer in this case and may be served with service of process by serving its registered agent, Brandon Wolf at 14160 N. Dallas Parkway, Suite 900, Dallas, TX 75254.

3.      Defendant, Michael W. Zientz,("Zientz") individually may be served with process  by certified mail return receipt requested to Michael W. Zientz, at 14160 N. Dallas Parkway, Suite 900, Dallas, TX 75254.  Plaintiff alleges that said individual has never been validly appointed as a trustee and therefore cannot claim any protection of statutes shielding a properly appointed trustee from liability.

4.      Defendants Wendy Alexander, Steve Utley, and Tobey Latham, are named _individually as defendants and not as trustees_; and each may be served with service of process at AVT Title Service, LLC, 13770 Noel Road, #801529, Dallas TX 75380-1529.  Plaintiff alleges that these individuals have never been validly appointed as trustees and therefore cannot claim any protection of statutes shielding a properly appointed trustee from liability.

5.      Defendant U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust (hereinafter "LSF9") (hereinafter "USB" or "Trustee") is a national banking association and may be served with service of process by serving its registered agent Elizabeth Becker. 350 N. Roberts St., Suite 495, St. Paul, MN 55101 by certified mail return receipt requested.

## LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's Verified First Amended Original Petition

6.      Plaintiff notes that though USB has a registered agent in St. Paul, Minnesota designated with the Texas Secretary and that USB is Trustee of LSF9 Master Participation Trust (hereinafter "LSF9"), this is not determinative of USB's residency for jurisdictional purposes for this case.

7.      Plaintiff postulates that  the situation with USB in this case is directly on point in the case *U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust, Plaintiff, v. Scott A. Dupree a/k/a Scot Dupre, et al, Defendants*, **No. 6:16-CV- 0558 (LEK/TWD)**, U.S. District Court, N.D. New York, September 20, 2016.

8.      Plaintiff summarizes the following points from that decision which is attached hereto as Exhibit "A" and incorporated herein for all purposes in its entirety.

        A.      USB is national banking association and the citizenship of USB is defined by 28 U.S.C. Section 1348.  The key to determine citizenship is where USB is located.

        B.      In *Wachovia Bank v. Schmidt*, **546 U.S. 303** (2006)  the U.S. Supreme Court addressed the meaning of "locate" and determined that  such an entity  is located for diversity purposes "in the State designated in its articles of association as its main office".  *546 U.S.* at **318**.

        C.  The U.S. Supreme Court has maintained that the test for a corporation does not extend beyond corporations.

        D.      USB has to show that its citizenship alone may be counted when bringing suit on behalf of the LSF8 Master Participation Trust.

        E.      Citing *Americold Realty Trust v. Conagra Food, Inc.* **1316 S.Ct. 1012**

Plaintiff's Verified First Amended Original Petition

(2016), the U.S. Supreme Court found that "states have applied the 'trust' label to a variety of unincorporated entities that have little in common with traditional gift-based trusts, the Court found that business trusts that are separate legal entities can sue or be sued in their own right, the citizenship of all the trust's shareholders or beneficiaries is dispositive. *Id* at 1016-17.

     F.    USB argument that it brought suit in its own name as trustee and was authorized to act on behalf of the trust under the trust instrument.  The District Court in this case dismissed this argument by pointing out that "the Supreme Court in *Americold* left intact the rule that "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs-as is true of any natural person."  13 S.CT.at 1016 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)).

     G.    The rule stated above in no. 6, only applies when the trustees are the real parties in interest to the controversy, meaning among other things, that they are "active trustees whose control of the assets held in their names is real and substantial " *Navarro*, **446 U.S.** at 462-66."

     H.    USB failed to produce the trust agreement that showed it had any active control over the trust (LSF8 Master Participation Trust).

     I. The New York Court found that based on "*Americold*  and that USB had failed to show itself to be the real party to the controversy, that USB was not a real party to the controversy that could proceed in its own right without reference to the citizenship of the trust's beneficiaries.  *cf.* Del Code Ann. Tit. 12 section 3804(a) ('A statutory trust may sue or be sued' [in its own name]."

Plaintiff's Verified First Amended Original Petition

J.      Attached hereto and incorporated herein for all purposes is Exhibit "B" which is a copy of the Trust Agreement in the above referenced U.S. District Court case in the Northern District of New York which was submitted to that Court. (Submitted as Exhibit "C" to the New York Court.)  Though this is a different entity than the Trust before this Court, plaintiff is informed and believes and thereon alleges that the Trust in this case and the Trust in the New York case referenced herein are substantially the same and have the trust instruments which very closely mirror each other and being sequentially numbered.  Plaintiff asks the Court to take judicial notice that on the last three(3) pages of this exhibit, there is the notation— [VOLTXVIII-Trust Agreement (Participation Agent)].  This indicates that the LSF8 Master Participation Trust is exactly that, a trust where the trust is has a participation interest in the loans comprising the corpus of the Trust.

K.      Attached hereto and incorporated herein for all purposes is Exhibit "C" which is a copy of the Trust Registration filed in the above referenced U.S. District Court case in the Northern District of New York which was submitted to that Court. (Submitted as Exhibit "A" to the New York Court.)  This shows that the LSF8 was formed on August 1, 2013.  The LSF9 Master Participation Trust, the trust in this case, was formed on July 10, 2014.  See Exhibit "D" attached hereto and incorporated herein for all purposes which is certified copy of the filing with the Delaware Secretary of State's Office.  This is 11 months after LSF8 Master Participation Trust was created and being sequentially numbered.  Plaintiff is informed and believes and thereon alleges, that based on this and the allegations stated in

Plaintiff's Verified First Amended Original Petition

sub-paragraph J above, that there is a high probability that the Trust Agreement for LSF9 Master Participation Trust will be substantially the same as that presented to the U.S. District Court for the Northern District of New York as referenced herein.  Plaintiff hereby makes demand that defendant USB produce the Trust Agreement for LSF9 Master Participation Trust.

### U. S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust Not a Real Party to the Controversy

9.      Plaintiff incorporates herein by reference the allegations made in paragraph 1 through 8 K, inclusive, as though fully set forth herein.  In support plaintiff's contention that USB is not the real party to the controversy plaintiff shows the Court as follows, to wit:

10.      On May 13, 2015 plaintiff received the e-mail from the Trustee for the Trust, U.S. Bank which is attached hereto and incorporated herein for all purposes as Exhibit "E".  This e-mail is from the Mortgage Research, GSF Specialized MBS Services, US Bank National Association, EP-MN-WS3D, 60 Livingston Avenue, St. Paul, MN 55107.  In pertinent part it it is stated in this e-mail as follows:

" ….On behalf of U.S. Bank, I am happy to assist you with this matter to the extent I am able to provide information.

"I have researched the above referenced property and have determined that U.S. Bank is merely the trustee for the Trust which owns the mortgage and note.  Please note that the **Trust is the owner of the mortgage and note, not the trustee**.(emphasis added).  **U.S. Bank** is **not** the **lender** (emphasis

Plaintiff's Verified First Amended Original Petition

added) or servicer for this property, and has no involvement with the foreclosure process. That action has been taken in the name of the Trust by the servicer, as the party to the Trust with the authority and responsibility to make decisions and take action regarding individual mortgage loans in the Trust. The trustee has no authority or responsibility to review and or approve or disprove of these decisions and actions. It is the servicer who has taken all action regarding your property, and is the party that is responsible for providing the information you have requested."

11.     Plaintiff is informed and believes and thereon alleges that based on the above-referenced and attached e-mail demonstrates that LSF9 is a paper fiction.

      a.     This e-mail states that:

            " ….On behalf of U.S. Bank, I am happy to assist you with this matter to the extent I am able to provide information.

            "I have researched the above referenced property and have determined…..

            This clause is contradictory with the remainder of the message. This e-mail states that U.S. Bank has no authority or responsibility regarding the loan. This begs the question that if U.S. Bank has no such authority or responsibility, then how could this person who claims to be representing U.S. Bank do any research and if research was done, what entity had possession of records that were researched.

Plaintiff's Verified First Amended Original Petition

     b.     This e-mail states that:

        "U.S. Bank, is merely the trustee for the Trust which owns the mortgage and note."

        This is non-descriptive language that essentially disclaims any actual authority or duties.  The phrase "merely the trustee" is an apparent concession that the trustee has no actual authority or duties and that the actual duties and authority of U.S. Bank  would have as any "Trustee" reside with some other entity.

     b.     Additionally, the e-mail states:

        "Please note the Trust is the owner of the mortgage and note, not the trustee.  U.S. Bank is not the lender or servicer for this property and has no involvement with foreclosure process.  That action has been taken in the name of the Trust by the servicer, as the party to the Trust with the authority to and responsibility to make decisions and take actions regarding individual mortgage loans in the Trust.  The Trustee has no authority or responsibility to review and or approve or disapprove of these decisions and actions.  It is the servicer who has taken all action regarding your property and is the party that is responsible for providing in the information you have requested."

This states that the servicer is the entity that has authority over the loans in the Trust.  The Trustee has no authority or responsibility over the loans in the Trust.  This is actually saying that though U.S. Bank is named as "Trustee", the ROLE of

Plaintiff's Verified First Amended Original Petition

the Trustee is being performed by the alleged servicer without any information or feedback from the trust or the trust beneficiaries and therefore the trustee has no fiduciary duties and actual powers over the trust assets.  This is no trust at all.  Thus, with no duties or responsibilities for the trust assets or to the beneficiaries, USB cannot be a real party to the controversy.

      c.      Additionally, it is stated that the Trust is not the Lender.  Under the contract documents, Deed of Trust states only the Lender can foreclose.

      d.      This e-mail is admission made by an employee of USB which was made voluntarily and is therefore an admission against the interest of USB.  See *Grace United Methodist Church v. City of Cheyenne, et al*, **451 F.3d 643, 664-669**, 10th Cir. 2006 (En banc).

12.   Based on the the case *U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust, Plaintiff, v. Scott A. Dupree a/k/a Scot Dupre, et al, Defendants*, **No. 6:16-CV- 0558 (LEK/TWD)**, U.S. District Court, N.D. New York, September 20, 2016 and the May 15, 2015 e-mail is from the Mortgage Research, GSF Specialized MBS Services, US Bank National Association, EP-MN-WS3D, 60 Livingston Avenue, St. Paul, MN 55107,  Plaintiff  is informed and believes and thereon alleges and the Court should find that USB is not a real party in this controversy and dismiss the case for lack of subject matter jurisdiction or remand this case back to the 428th Judicial District Court of Hays County, Texas.

## JURISDICTION AND VENUE

Page10

Plaintiff's Verified First Amended Original Petition

13.     The subject matter in controversy is within the jurisdictional limits of this court.

14.     This court does not have jurisdiction over the parties because the individually named Defendants are named in their individual capacities **and not as trustees**; and are residents of this state and maintain a place of business in the Texas and regularly conduct business from that location in Texas. Defendant USB is not a real party to this controversy.

15.     Venue in Hays County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

<u>**BACKGROUND**</u>

16.     Plaintiff purchased the property which is the subject of this lawsuit on January 19, 2007, by warranty deed, a copy of which is attached hereto as Exhibit "I" and incorporated herein for all purposes. A deed of trust was executed on this date which named Bank of America as the Lender. This Deed of Trust was recorded in the Hays County Real Property Records under document no. 70002118 in Vol 3094 on page 468 of the Hays County Real Property Records; a copy of which is attached hereto as Exhibit "G" and incorporated herein for all purposes. Subsequent to this recording, there are two assignments of the deed of trust filed. The first assignment of the deed of trust was from Bank of America to LSF9 Mortgage Holdings, LLC dated November 3, 2014. This assignment recites that it transferred ONLY the Deed of Trust; it does not mention the Note, and was filed on February 26, 2015 under Document No.. 2015-15005357 in vol. 5145 at page 566 in the Hays County Real Property Records, a

Plaintiff's Verified First Amended Original Petition

copy of which is attached hereto as Exhibit "J" and incorporated herein for all purposes. The second assignment dated March 18, 2015 was from LSF9 Mortgage Holdings, LLC to U.S.. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust which was filed March 27, 2015 under Document No. 2015-15008771 under Vol. 5171 page 567 of the Real Property Records of Hays County, Texas, a copy of which is attached hereto as Exhibit "K" and incorporated herein for all purposes.  This assignment recites that it transfers the Deed of Trust and the Note.

17     On May 13, 2015, plaintiff received an email from US Bank, a copy of which is attached hereto as Exhibit "H" and incorporated herein for all purposes.  This email states that "the Trust is **owner** of the mortgage and note, not the trustee".

18.     There have been three appointments of substitute trustee filed in the Hays County Real Property Records.  The last appointment was executed on January 14, 2014 and filed for record on February 5, 2014 under BK OPR Vl4851 Pg 703  **by Bank of America**.  This document names Wendy Alexander, Steve Utley, Tobey Latham or Michael W. Zientz as Substitute Trustees to act under plaintiff's Deed of Trust.  **There is no recorded appointment of substitute trustee after this document on January 14, 2014 by the then**

**Lender, Bank of America.  The subsequent assignment of the deed of trust by Bank of America terminated its authority to appoint a substitute trustee.**

### BACKGROUND FACTS

19.     The plaintiff claims to be the owner of a certain tract of land (including any improvements) located in Hays County, Texas as more particularly described in a deed to plaintiff dated January 19, 2007, recorded Volume 3094 at page 466 of the Real

Plaintiff's Verified First Amended Original Petition

Property Records of Hay County, Texas under document number 200201770674; a copy of which is attached as Exhibit "C" and incorporated by reference and is more particularly described as:

> Lot 31, Block 1, of HILLS OF HAYS, PHASE II, IN Hays County, Texas according to map or plat of record in Volume 4, Pages 335-337 of the Plat Records of Hays County, Texas.

20.     The contract between the parties is specific as to the duties of each party.

21.     Plaintiff purchased the property which is the subject of this lawsuit on January 19, 2007, by warranty deed, a copy of which is attached hereto as Exhibit "I" and incorporated herein for all purposes.

22.     Plaintiff was issued an Uncertificated Security as a Promissory Note dated January 19, 2007regarding a loan for $107,000.00.  The Original lender of the January 19, 2007 is Bank of America. ( Exhibit H ).

23.     Plaintiff entered into a Contract, as Deed of Trust, filed against his Claim to Title in the Official Real Property Records of Hays county Recorder's Office on January 22, 2007 as document no. 70002118 (Exhibit G).

24.     On November 3, 2014, original lender, Bank of America, executed an assignment of all beneficial interest of the Deed of Trust to be effective on or before September 30, 2014 to LSF9 Mortgage Holdings, LLC with a stated address of: C/O  Bank of America, N.A., 7105 Corporate Drive, Plano, TX 75204.  This is the same as the state address for Bank of America in this same instrument.(Exhibit J)

25.  On March 18, 2015, LSF9 Mortgage Holdings, LLC with a stated address of 13801 Wireless Way, Oklahoma, City, OK 73134 assigned all of its beneficial interest

Plaintiff's Verified First Amended Original Petition

under the deed of trust to U.S. Bank Trust N.A. as Trustee for LSF9 Master Participation Trust with a stated address of 13801 Wireless Way, Oklahoma City, OK 73134.  This assignment was executed by Caliber Home Loans Inc. as Attorney In Fact for LSF9 Mortgage Holdings, LLC.  The acknowledgment contained in this document was executed in San Diego County, California. (Exhibit K)

26.   Defendants Wolf  Zientz & Mann. P.C. ("Mackie Wolf"), Michael Zientz, and Wendy Alexander, Steve Utley, and Tobey Latham are not named or referenced in any way on  Plaintiff's Security Instrument, Note or through and assignment or through an appointment of Substitution of Trustee by the current alleged owner of the Deed of Trust, LSF9 Master Participation Trust.

## PROPERTY

The Real Property description which is the subject of this suit is as follows:

> Lot 31, Block 1, of HILS OF HAYS, PHASE II, a subdivision in Hays County, Texas according to the map or plat of record in Volume 4, Pages 335-337, of the Plat Records of Hays County, Texas.

## AFFIRMATIVE DEFENSE OF PAYMENT

27.   Plaintiff pleads the affirmative defense of payment.  Plaintiff alleges that his Note has in fact been paid and that there is no delinquency on his Note. In this regard,  plaintiff alleges that third parties, government guarantees, or private insurance such as credit default swaps have paid any sums due on his Note and that the Holder of said Note has been made whole and has not incurred any loss from his Note. Discovery is needed to procure the evidence to substantiate this

Plaintiff's Verified First Amended Original Petition

claim.

## NO NOTICE OF DEFAULT FROM THE HOLDER OF THE NOTE PURSUANT TO
## TEXAS UCC

28.  Plaintiff has received no notice of default from any entity showing that it has the right to enforce plaintiff's note as provided for in Texas Bus. & Com. Code under section 3.308(b).  Additionally, plaintiff has not received from the entity holding the note with the right to enforce that there has been any showing from such an entity that there is an unsatisfied obligation secured by plaintiff's deed of trust. See TX B & CC Section 3.301.

## FRAUDULENT FORECLOSURE

29.  Plaintiff incorporates herein by reference the allegations made in paragraph 1 through 25, inclusive, as though fully set forth herein.

30.    Plaintiff is informed and believes and thereon alleges that after the origination and funding of his loan, it was sold to investors as a "Deed of Trust Security Instrument backed security  and that LSF9 does not own this loan, or the corresponding note.  Additionally, LSF9 in this action has not appointed a substitute trustee.  LSF9's own representative admits that LSF9 is not the Lender or servicer  but is the owner of the deed of trust and note( see Exhibit F).  Since LSF9 is not the Lender, LSF9 does not have the right to declare a foreclosure or sell plaintiff's interest in the Subject property as per the written contract (Deed of Trust) between Plaintiff and Lender.  Plaintiff alleges that  LSF9 is not the note holder or a beneficiary with rights enforce the note at any time with regard to Plaintiff's promissory note.

Plaintiff's Verified First Amended Original Petition

31.    Plaintiff further alleges on information and belief that LSF9 in this action is not the beneficiary or representative of the beneficiary of the Note and, if LSF9 alleges otherwise, it does not have the original note to prove that it is fact the party authorized to enforce the note as required by the TX. Bus. & Com. Code Section 3.501(b)(2).

**Mortgagee's Interest as a Participating Lender**.

32.   In this regard, plaintiff asks the Court to take judicial knowledge of the name of the alleged trust which is "LSF9 Master Participation Trust". The use of the word "participation" is no happenstance. Plaintiffs allege that "participation" has special meaning. "Participation" is used in the financial world to denote the situation when lender owning a loan

transfers a part of its interest in the loan to a participant pursuant to a participation agreement. In this instance, the alleged mortgagee, LSF9 Master Participation Trust, as it names

implies is a participation lender and such agreements are discussed in lead case for this subject, *Asset Restructuring Fund, L.P. v. Liberty national Bank and Resolution Trust Corporation , as Receiver or Capital City Federal Savings Association.*, **866 S.W.2d 548**,(Tex.App.-Austin, 1994) (reh. over'd). In a participation agreement, the participating lender has an ownership interest in the loan and the collateral of the participant. *Asset Restructuring Fund, L.P.*,p. 552. The Court goes on to cite *In re Drexel Burnahm Lambert Group, Inc.*, **133 B.R. 830, 843, 842-44** (Bnkr. S.D.N.Y. 1990) ("The lead bank by Participating the loan, assigns, transfers and conveys an undivided percentage ownership interest in the collateral for the participated loan to the participant.....According the loan participants are entitled to their share as beneficiaries of a trust.") *Asset Restructuring*

Plaintiff's Verified First Amended Original Petition

*Fund, L.P.*,p. 552.  The Court went on to examine the participation agreement in that case to determine the true nature of the transaction.   The Court stated in *Asset Restructuring Fund, L.P.*,at page 553:

> "Even courts that follow the majority position have recognized, however, that some "participation" transactions may more closely resemble lending arrangements.  "Simply calling transactions [participation] sales does not make them so.  Labels cannot change the true nature of the underlying transactions." Citing *In re Woodson*, **813 F2d 266, 272**, (9th Cir. 1987).

On the same page, the Court found that examination of the agreement itself was necessary to determine the characterization of the transaction; i.e. that is was consistent with a sale or assignment. *Asset Restructuring Fund, L.P.*,   p. 553. The Court also *states the participating lender has a percentage interest in the collateral that the **lead bank purchased** at the substitute trustee's' sale* of the collateral. *Asset Restructuring Fund, L.P.*, p. 552 citing *Jefferson Sav. & Loan Ass'n v. Lifetime Sav. & Loan Ass'n. ,* **396 F,2d 21, 24** (9th Cir. 1968).  This does not appear to allow the participating bank to foreclose on collateral.

Thus, it is necessary to determine the true nature of LSF9 Master Participation Trust's interest in the loan.  This can only be done by have the Trust produce its trust instrument to determine if it has the authority to foreclose on plaintiff's property. Additionally,  the court will have to examine the participation agreement to determine what rights that the Trust has in the property under the participation agreement and if such rights include the right to foreclose on the collateral or whether the participating lender has only an interest in any property the **lead lender** may acquire as the result of the **lead**

Plaintiff's Verified First Amended Original Petition

**lender's foreclosure**. Plaintiff demands that the Trust Agreement and the participation

agreement be produced so that the Court as well as plaintiff can ascertain the true nature

and status of plaintiff's loan.

### Defendant's Negligent Notice of Foreclosure and Lack of Authority to Foreclose

33.  Plaintiff incorporates herein by reference the allegations made in paragraphs

1 through 29, inclusive, as through fully set forth herein.

34.     On or about March 14, 2017, plaintiff received two (2) documents in one

(1) envelope from defendant.  One of the documents was a Notice of Reposting and

Sale signed by and undisclosed individual for the law firm of Mackie, Wolf, Zientz &

Mann, P.C..  This is attached as Exhibit "F" which is incorporated herein for all

purposes.   The second was a Notice of Foreclosure Sale stating that plaintiff's property

would sold at a non-judicial foreclosure sale on April 4, 2017 pursuant to the Deed of

Trust.  This Notice of Sale is unsigned and lists four (4) individuals ( Wendy Alexander,

Steve Utley, Tobey Latham, or Michael W. Zientz) as substitute trustees to sell the

property.

35.  The Notices attached as Exhibit  "F" are deficient and fail to meet the

statutory requirements for as stated in  Texas Property Code, Section 51.0076  a copy

of which is attached hereto as  Exhibit "F-1" and is incorporated herein for all purposes.

This law requires that for an "appointment of trustee or substitute  trustee made in a

notice of sale is effective as of the date of the if the notice" complies with the three

stated requirements therein.  The Notice of Sale is not signed as required by the statute

and there is no statement as required by Sub-section (3), to wit:

"THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO

Plaintiff's Verified First Amended Original Petition

SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED

IN THIS NOTICE OF SALE  THE PERSON SIGNING THIS NOTICE IS THE

ATTORNEY OR AUTHORIZED AGENT OF THE MORGGAEE OR MORTGAGE

SERVICER.

     Since these letters do not comply with Texas Property Code Section 51.0076,

these documents fail as far as accomplishing the appointment or authorization of trustee

or substitute trustee as stated therein.

     36.  The Plaintiff's Deed of Trust specifically states the duties of each of the two

parties to the Deed of Trust.  In this contract,  Joseph M. Schaffer, Jr. is identified as the

Borrower and Grantor; and "Lender"  is identified as Bank of America, N.A..

" Lender is a NATIONAL BANKING ASSOCIATION organized and existing under the

laws of THE UNITED STATES OF AMERICA

"Lenders's address is 1201 Main Street, 7th Floor, Dallas, TX 752020000

"Lender is the beneficiary under this Security Instrument."

 There are no other parties to this contract.

     From the Deed of Trust:

> **15.  Notices.**  All notices given by Borrower or Lender in connection with this Security instrument must be in writing. …

> **24.  Substitute Trustee; Trustee Liability**. ………Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute  any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing.  ……….

     36.     Paragraph 24 of the Deed of Trust reserves the appointment of a

substitute trustee to the Lender and not any other entity or party.  This is stated in

Page19

Plaintiff's Verified First Amended Original Petition

the deed of trust form presented to the plaintiff by the Lender, Bank of America and there were no revisions allowed to be done to the deed of trust.  The last appointment of substitute trustee filed in the Hays County Real Property Records is by PRLAP, INC, Trustee for the benefit of Bank of America dated January 14, 2014 in document no. 14003008 at Vol. 4851 page 704 attached hereto as Exhibit "" and incorporated herein for all purposes.    The last assignment of record in the Hays County Real Property Records affecting the property is to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust which is dated March 18, 2015 under document no. 15008771 at Vol. 5171 Page 568 attached hereto as Exhibit "E" and incorporated herein for all purposes.   **There is no valid appointment of any substitute trustee by the last party which ostensibly and allegedly received the mortgage and note pursuant to the last recorded assignment which at this point appears to be the LSF9 Master Participation Trust.** Plaintiff does not admit or stipulate that the LSF9 Master Participation Trust is the holder of plaintiff's note with the right to enforce the note and in fact denies that there is any entity which has the status as holder of his note with the right to enforce the note as required in the Texas UCC.  Defendants are attempting to foreclose without any authority and have filed in the Real Property Records of Hays County, Texas a document claiming they have the authority to proceed with a non-judicial foreclosure sale of plaintiff's property as specified in Paragraph 22 of plaintiff's deed of trust.(See Exhibit "G").  The authority to conduct a non-judicial foreclosure sale is derived from the Deed of Trust. "A foreclosure sale by a person not properly appointed as a substitute trustee according to the terms of the deed of trust is not

Plaintiff's Verified First Amended Original Petition