merely an irregularity in the foreclosure proceedings.  Rather, such sales have been declared void because they are not conducted with the authority conferred by the deed of trust." *Burnett v. Manufacturer's Hanover Trust Company*, **593 S.W.2d 755, 757** (Tex.Civ.App.-Dallas 1979).

38.  Plaintiff is informed and believes and thereon alleges that after the assignment of his loan to LSF9 Master Participation Trust, there has been no appointment of a substitute trustee by the current alleged assignee of the Deed of Trust, LSF9 Master Participation Trust.

39.  Furthermore, the assignment from LSF9 Holdings LLC to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust was done by Caliber Home Loans, Inc. as Attorney–in-Fact for LSF9 Mortgage Holdings LLC.  Caliber Home Loans, Inc. is a stranger to this chain of title and there is no Power of Attorney authorizing Caliber Home Loans, Inc. to act for LSF9 Mortgage Holdings,LLC recorded in the Real Property Records of Hays County, Texas. Plaintiff is entitled to have the power of attorney produced that is the alleged basis for the authority given to Caliber Home Loans, Inc. by LSF9 Master Participation Trust and also to the power of attorney from U.S.Bank Trust, N.A., Trustee for LSF9 Master Participation Trust to Caliber Home Loan, Inc. for servicing of this loan.  Without these powers of attorney, then the assignment and /or the actions of Caliber Home Loans, Inc. in its attempt to foreclose on plaintiff's would be based on forged documents and in either case such would constitute forgery under Tex. Penal Code Section 32.21.  If there is no power of attorney or such is not properly executed, then this would comport with the definition of "forge" as set forth in Penal

Plaintiff's Verified First Amended Original Petition

Code, Section 32.21(a)(1)(A) and (B)(B) to wit:

"(1) "Forge" means:

(A) to alter, make, complete, execute or authenticate any writing so that is purports:

(i) to be the act of another who did authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence other that was in fact the case; or

(iii) to be a copy of an original when no such original existed;

(B). to issue, transfer, register the transfer of pass publish or otherwise utter a writing that forged with the meaning of Paragraph (A);" .....

Forgery makes an assignment void, not voidable. See *Garcia v. Garza*, **311 S.W.3d 28, 44**(Tex.App.-San Antonio, 2010) and *Bellaire Kirkpatrick Joint Ventrue v. Loots*, **826 S.W.2d 205, 210** (Tex.App-Ft. Worth, 1992 , reh. ovr'd.).

40. Additionally, the law does not presume agency. *Lifschutz v. Lifshutz*, **199 S.W. 3d 9, 22** (Tex.App.-San Antonio 2006 , pets, denied); *Suarez v. Jordan*, **35 S.W.3d 268, 272** (Tex.App.-Houston [14 Dist] 2000, no pet.); *Disney Enter., v. Esprit Fin., Inc.*, **981 S.W.2d 25, 30** (Tex. App.-San Antonio 1998, pet. Dis'd w.o.j.). The party alleging agency has the burden to prove it its existence. *Lifshutz*, **199 S.W. 3d at 22**, *Disney Enters.*, **981 S.W. 2d at 30**. Absent actual or apparent authority, an agent cannot

Plaintiff's Verified First Amended Original Petition

bind a principal. *Lifshutz*, **199 S.W.3d at 22**.  Without more, this attempt to transfer the Deed of Trust is void for lack of authority.  Since the transfer is void, the appointment of any substitute trustee and posting of the property for a non-judicial foreclosure sale is likewise void.

## BREACH OF CONTRACT

41.    Plaintiff incorporates by reference each of the preceding paragraphs of this pleading into the allegations regarding this cause of action.

42.    Plaintiff is informed and believes and thereon alleges that pursuant to paragraph 22 of the Deed of Trust, only the lender (the note holder) can declare a default or exercise the remedy of non-judicial foreclosure.  Texas allows a mortgagee to delegate these responsibilities.  However, there is nothing of record to show that the alleged holder of the note and deed of trust has authorized any one to enforce the Note using non-judicial power of sale.  LSF9 Master Participation Trust is last named assignee of plaintiff's deed of trust recorded in the Real Property Records of Hays County, Texas.  As stated above, agency is not presumed and must be proved.  LSF9 Master Participation Trust has not done any of these actions including an appointment of substitute trustee.  This constitutes a breach of the Deed of Trust.  Plaintiff does not know who or what entity is actually issuing default notices and issuing notice of a non-judicial foreclosure sale.  Additionally, there is no appointment of the substitute trustee by the Lender (note holder) as defined and stipulated by the Deed of Trust in Paragraph 24 and the Note which comports with TX. Bus. & Com. Code Section 3.203.  **It is important to note that under 3.203(d), if there is a "transfer of less than the entire**

Plaintiff's Verified First Amended Original Petition

**instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this chapter and has only the rights of a partial assignee."** *Thus, applying this provision to a participation agreement, the participating lender would not acquire any rights to enforce the Note under the UCC. In this case, there would be no basis for USB or any agent of USB, including any servicer acting for USB to pursue the remedy of nonjudicial foreclosure against plaintiff's property.*

43.    A representative of U.S. Bank Trust, N.A. has stated in an e-mail to the plaintiff, Mr. Schaffer: "Please note that the **Trust is the owner of the mortgage and note, not the trustee.**(emphasis added). **U.S. Bank** is **not** the **lender** (emphasis added) or servicer for this property, and has no involvement with the foreclosure process." These actions are constitute prima facie violations of the Deed of Trust and demonstrate to the Court that the defendants failed to perform basic due diligence of reading the Note and Deed of Trust and checking the Hays County Real Property Records.

44.    It is stated in the email to plaintiff dated May 13, 2015 from a representative of **U.S. Bank that it is not the lender. See Exhibit "E".**

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

45. Plaintiff incorporates by reference each of the preceding paragraphs of this pleading into the allegations regarding this cause of action.

46.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires the no party will do anything that will have the effect

Plaintiff's Verified First Amended Original Petition

Page 24

of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts, each party will do all things reasonably contemplated by the terms of the contract to accomplish it purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

47.    Alternatively, even **if** the Note and Deed of Trust were validly and properly assigned to defendant USB, USB did not act in good faith and did not deal fairly with Plaintiff in connection with the note and deed of trust. Thereafter, the defendants are attempting to foreclose on the Subject Property even though they do not have standing to do so.

48.    Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Petition. They were required to exercise such power in good faith.

49.    Defendants engaged in such conduct to foreclose on plaintiff's homestead residence when they did not have the authority to do so. These actions were a bad faith breach of the contract between the Plaintiff and Defendants collectively, which show that they had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

50.    As a result of the Defendants' breach of this covenant, Plaintiff has suffered actual, general and special damages in an amount of at least $11,250.00 resulting directly from Defendants', USB, Mackie Wolf, Wendy Alexander, Steve Utley, Tobey Latham and Michael W. Zientz, actions; plus injury/damage to his past, present and future credit standing and capacity, as well as diminution of the

Plaintiff's Verified First Amended Original Petition

market value of his homestead due to its lack of marketability due to actions of Defendants in slandering title, and thereby impairing vendibility, in an amount to be determined at trial.

## VIOLATIONS OF THE TEXAS DTPA

51.    Plaintiff incorporates by reference each of the preceding paragraphs of this pleading into the allegations regarding this cause of action.

52.    Plaintiff is consumer and the services acquired by plaintiff were in connection with the financing and the purchase of his home which is the subject of this litigation. This qualifies plaintiff as a consumer. *See Norwest Mortgage, Inc. v. Jose b. Salinas and Victoria Salinas,* **999 S.W.2d 846, 855** (Tex.App.-Corpus Christi, 1999)

53.    Plaintiff is informed and believes and thereon alleges that based on defendants, the law firm of Mackie Wolf, and the individual defendants Michael W. Zientz, Wendy Alexander, Steve Utley, and Tobey Latham are individually liable under Texas Deceptive Trade Practices Act (DTPA), Subchapter E. Chapter 17, Texas Business & Commerce Code pursuant to Texas Finance Code section 392.404(a).

54.    Said defendants violated the DTPA when it engaged in the institution and prosecution of foreclosure proceedings against plaintiff's homestead by using the false representation that each had authority to institute and prosecute a foreclosure proceedings when none of the defendants in fact had no such authority

Plaintiff's Verified First Amended Original Petition

Page 26

as stated herein above in violation of Texas Finance Code section 392.304(a)(19).

55.    Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

56.    Unconscionable Action or Course of Action.   Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.   This conduct of the defendants was falsely represent that each had authority to institute foreclosure proceedings when they did not have such authority, that the defendants knew or should have known that they lacked authority as they are regularly engaged in such activities on a daily basis and therefore have superior knowledge about the foreclosure process, and failed to comply with Texas law when notifying plaintiff about the foreclosure. This deficiency is stated above in this petition.

**DEMAND TO PRODUCE ORIGINAL PROMISSORY PURSUANT TO TX. BUS.**

**& COM. CODE (UCC)**

57.    Plaintiff incorporates by reference each of the preceding paragraphs of this pleading into the allegations regarding this cause of action.

58.    Plaintiff makes demand that all defendants show to represent the holder of the plaintiff's note and that the entity that each defendant actually represents is the holder of plaintiff's note with the right to enforce the note as provided in under Section 3.308(b).   In this regard, plaintiff requests that

Plaintiff's Verified First Amended Original Petition

defendants produce the basis that each has authority from the holder of the note with the right to prosecute the collection of plaintiff's note and that default of plaintiff's Note has been declared by such an entity.    Plaintiff denies that he executed of the Note in possession of the holder of the Note with the right to enforce the Note pending the production of the alleged holder of the original Note by the holder with the right to enforce the Note.

59.    In this regard, it is important for the Court to note that the last filed assignment of record in the Hays County Real Property Records which was March 18, 2015(See Exhibit "K") and which that the transferee had possession of the beneficial interest in said deed of trust only.    Plaintiff asks the Court to judicial notice of the fact that at time of this assignment, plaintiff's note was non-performing as alleged by defendants and as such, the assignee, LSF9 Master Participation Trust cannot be a holder in due course as set forth in Tex. Bus. & Com Code 3.302 (a)(2).

60.    Plaintiff is informed and believes and thereon alleges that the LSF9 Master Participation Trust is not vested with the authority to non-judicially foreclose on this property.  It is plaintiff's best information and belief that the LSF9 Master Participation Trust agreement possesses a participating  interest in plaintiff's loan and that there  is in fact a participation agreement which allows the Trust to participate only in the economic benefits of the mortgage transaction and does not give the Trust any direct contractual relationship with the borrower or any direct claims against the borrower or against any collateral securing the loan.  This is based on the common use of participation agreements in the financial industry and as in the case cited above, *Asset Restructuring*

Plaintiff's Verified First Amended Original Petition

*Fund, L.P. v. Liberty National Bank and Resolution Trust Corporation , as Receiver or Capital City Federal Savings Association.*, **866 S.W.2d 548**,(Tex.App.-Austin, 1994) (reh. over'd).

61.    Plaintiff is informed and believes and thereon alleges that there is no evidence that any entity is the servicer for the party designated as "Lender" in the Deed of Trust as the term  "Lender" is defined in said Deed of Trust. Plaintiff demands that such agency be proved as the law requires.

62.    Plaintiff is informed and believes and thereon alleges that he has not received any notice of default or demand for payment from the Holder of the Note with right to enforce the Note by non-judicial foreclosure.   Under the UCC provisions of the TX Bus & Com Code, the Holder of the Note with the right to enforce the note, if not named as the payee of the Note or named as the payee in an endorsement on the Note, must prove the transaction by which it acquired the Note, that consideration was given for the Note, and any status that seeks to claim such as holder in due course.  TX Bus & Com code 3.308(b).   This must be done prior to its enforcement of the Note.

63.    Plaintiff is informed and believes and thereon alleges that he is not default, that there is no delinquency, and that the alleged holder of his note and deed of trust, LSF9 Master Participation Trust has not been harmed and that the **Trust's certificate holders are the real party in interest in this matter, and have in fact been paid** pursuant to the terms of the Trust's own pooling and servicing agreement (PSA) or other agreements.  Plaintiff makes demand upon LSF9 to produce an accounting of its own records that reflect that consideration

Plaintiff's Verified First Amended Original Petition

was paid for the security instrument and it  records  of debits and credits for plaintiff's security instrument.

64.    Plaintiff is informed and believes and thereon alleges that based on the alleged holder of the Note and deed of trust, LSF9 Master Participation Trust is not the real party in interest in this case.  Plaintiff alleges that under the real party interest are the certificate holders or beneficiaries of the Trust, and as such this Court is without jurisdiction as these parties are unknown and not before the Court. Discovery is needed to procure the evidence to substantiate this claim.

65.  Plaintiff is informed and believes and thereon alleges that based on the fact that the defendants are currently attempting to non-judicially foreclose on plaintiff's home were appointed by Bank of America PRIOR TO the assignment to LSF9 Mortgage Holdings, LLC which is attached hereto as Exhibit "K" and incorporated herein by reference for all purposes.  Additionally, the attempted appointment of substitute trustees in the Notice of Sale is defective as hereinabove set forth.   Therefore,  the defendants are acting without authority as Bank of America no longer has any interest in the plaintiff's home.  There is no other appointment of substitute trustees filed in the Hays County Real Property Records since the assignment attached as Exhibit "K" was filed February 26, 2015.

## DEMAND FOR EXHIBITION OF THE PROMISSORY NOTE

66.  Pursuant to section 3.501(2)(b)(2)(A) and (B) of the TX Bus & Com Code, plaintiff makes demands on the defendants to exhibit the Note and to give reasonable identification and evidence of authority to make the presentment. This is not a "show me the note case". All of the cases that have been

Plaintiff's Verified First Amended Original Petition

denominated as "show me the note" cases do not make such demands based on the Uniform Commercial Code. This Code provision is specific and requires that the original note be produced. Defendant seeks to conflate those cases which are labelled "show me the Note" with the cases citing the production of the Note pursuant to the Uniform Commercial Code. This is not the case. The undersigned has not found any "show me the Note" case that cited the Uniform Commercial Code.

**ELEMENTS FOR INJUNCTIVE RELIEF**

67.    Plaintiff incorporates by reference each of the preceding paragraphs of this pleading into the allegations regarding this cause of action.

68.    In light of the above-described facts, Plaintiff seeks recovery from Defendants. Plaintiffs are likely to succeed on the merits of this lawsuit because there is nothing filed of record in the Official Real Property Records of Hays County, Texas to show who the real holder of the Note and Deed of Trust are and the note is being held by some un-named investor. **The defendants are currently attempting to non-judicially foreclose on plaintiff's home were appointed by Bank of America (see Exhibit "L") PRIOR TO the assignment to LSF9 Mortgage Holdings, LLC which is attached hereto as Exhibit "J". Additionally, the attempted appointment of substitute trustees in the Notice of Sale is defective as hereinabove set forth. Therefore, the defendants are acting without authority as Bank of America no longer has any interest in the plaintiff's home.** Also as stated in Paragraph 39, it highly probable that USB has no interest in the plaintiff's promissory note and therefore does not have the authority to enforce the note under the terms of the Deed of Trust according to the Texas

Plaintiff's Verified First Amended Original Petition

Uniform Commercial Code. Unless this Honorable Court immediately restrains the defendant, plaintiffs will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

69.    The harm to Plaintiff is imminent because plaintiff and his family will be thrown out of their home.

70.    This imminent harm will cause Plaintiffs irreparable injury in that the action sought by Defendant would wrongfully deprive Plaintiff of his home and cause severe mental anguish to Plaintiff, and reward unjustly, and enrich unjustly the Defendant.

71.    There is no adequate remedy at law that will give Plaintiff complete, final and equal relief because of the immediacy of the Defendant's actions.

72.    Further, for the reasons stated in this pleading, Plaintiff request that, hearing on a temporary restraining order the defendants and/or their officers, agents, and employees be enjoined from prosecuting any continuance of a foreclosure of the subject property pending a trial on the merits of this case.

## SLANDER OF TITLE

73.    Plaintiff incorporates by reference each of the preceding paragraphs 1 through 53, inclusive, as though fully set forth herein.

74.    Generally, one must prove the following to bring a claim of Slander of Title:

    a.    There was a communication to a third party of;
    b.    A false statement;
    c.    Derogatory of another's title;
    d.    With malice; and
    e.    Causing special damages.

Plaintiff's Verified First Amended Original Petition

BORROWER COVENANTS that Borrower is lawfully seised of the estate herby conveyed and has the right to grant and convey the Property and the Property is unencumbered, except for encumbrances of record. *Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.*

75.    The March 27, 2015 filing of the document purporting to be an a "Assignment of Mortgage/Deed of Trust" dated March 18, 2015 in to the Official Records of Hays County Recorder's Office is a communication to a third party of a false statement derogatory to Plaintiff's title made with malice causing special damages to Plaintiff:

a.    Filing the document purporting to be a an Assignment of Mortgage/Deed of Trust with the Hays County Recorder for any one viewing the filed documents is by definition a statement to a third-party;

b.    Pursuant to the maxim of law, *Nemo dat quod non habet*, one cannot sell what one does not own;

c.    Pursuant to statutory requirements of law, negotiable instruments are to be transferred by negotiation, indorsement, and delivery, and an Assignment cannot memorialize a sale that never took place: TX. Bus. & Com Code Section 3.203.

1.    The following rules apply to negotiable tangible documents of title:

(a) If the document's original terms run to the order of a named person, the document is negotiated by the named person's endorsement and delivery....

Plaintiff's Verified First Amended Original Petition

d.     That false statement was made with malice to improperly attempt an assignment that not eligible to be recorded; all defendants had knowledge the (personal property) security interest as collateral to Plaintiff's residential home loan was defective in that the Assignee LSF9 had no authority under the Trust Agreement to foreclose and said assignment did transfer Plaintiff's promissory note.

e.     The filing of the document purporting to be an Assignment of Mortgage/Deed of Trust with its false statement caused plaintiff and continues to plaintiff financial, emotional, and special damages as all defendants had knowledge the (personal property) security interest as collateral of Plaintiff's residential mortgage was defective and yet willfully elected to claim rights over an alternative means of collection, such is with intent, to wit;

76.     Plaintiff is the equitable owner of the Subject Property which has the following legal description:

> Lot 31, Block 1, of HILLS OF HAYS, PHASE II, a subdivision in Hays County, Texas according to the map or plat of record in Volume 4, Pages 335-337, of the Plat Records of Hays County, Texas.

77.     Plaintiff seeks to quiet title against the claims of Defendants. Defendants have no right or title or interest in the Subject Property, and no right to entertain any right of ownership including the right foreclose, offering the Subject Property for sale, or demanding possession. Nevertheless, the defendants are attempting to proceed with a non-judicial foreclosure sale.

78.     Plaintiff seeks to quiet title as of the date of filing this petition. Plaintiff

Plaintiff's Verified First Amended Original Petition

seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants, each and every one of them be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights.

79.    The March 18, 2015 assignment of plaintiff's deed of trust is invalid.

80.    As a consequence of the defendants' actions or inaction, the plaintiff cannot in good faith transfer equitable, legal or marketable title to the Property.

81.    Plaintiff pleads the discovery rule as to this slander of title claim. Despite the fact that plaintiff's attorney had been attempting to understand and determine what a participation loan was for an extended period of time. He did not become aware of the nature and characteristics of a "participation in a loan" until sometime in March, 2017 and it was not until late June, 2017 that plaintiff through his attorney came to understand what a participation is and how it worked. This now forms the current basis for plaintiff's slander of title claims.

## SUIT FOR DECLARATORY JUDGMENT

82.    Plaintiff incorporates by reference each of the preceding paragraphs of this pleadings though fully set forth herein.

83.    Plaintiff petitions this Court pursuant to the Declaratory Judgment Act, codified at Chapter 37 of the <u>Texas Civil Practice and Remedies Code</u>, Plaintiff re-pleads and re-alleges the previous allegations in this petition as if set forth fully herein. Plaintiff petitions the court pursuant to the Declaratory Judgment Act, Chapter 37, of the Civil Practice and Remedies Code, for a declaration of the invalidity of certain documents and

Page35

Plaintiff's Verified First Amended Original Petition

claims of defendant and quiet title in Plaintiff.

84.     Plaintiff is the owner of a certain tract of land located in Hays County as shown in the deed conveying the subject property to plaintiff recorded under clerk's document no 7002118 at volume 3094, page 468 of the Real Property Records.  See Exhibit "I".  Bank of America, N.A., accepted the Deed of Trust signed by plaintiff and filed it in the real property records of Hays County, Texas.  This is the Deed of Trust, under which the Defendant or the Lender or Lender's assigns, asserts an interest that interferes with plaintiff's title.  Though appearing valid on its face, the lien created by the Deed of Trust is in fact invalid and of no force or effect.  Plaintiff will show that neither the Defendants nor the Lender's assigns actually has possession of the original Note that is secured by the Deed of Trust and that there is no known person or entity that has that has right to enforce plaintiff's Note.

85.     The Court's declaration of the rights of the parties will likely terminate or settle the controversy or remove any uncertainty.

86.     Plaintiff also seeks his costs and reasonable attorney fees which are equitable and just, necessary and reasonable pursuant to Section 37.009 of the Civil Practice and Remedies Code.

87.     Plaintiffs are entitled to a declaratory judgment based on the lack of a transfer to the true holder of the note and the lack of assignment of the deed of trust. Additionally, plaintiffs are entitled to a declaratory judgment because the holder of the note does not have the authority to foreclose under the Deed of Trust since there is no valid assignment of the Deed of Trust from the named assignee of LSF9 Mortgage Holdings, LLC named of record in the Hays County Real Property Records.   Plaintiff

Plaintiff's Verified First Amended Original Petition

alleges that this last named assignee is not the true party of interest that has anything of value invested in plaintiff's deed of trust as the alleged owner of the Note and therefore is not the true holder of the plaintiff's note with the right to enforce the note by non-judicial foreclosure.

88.    Plaintiff petitions this Court pursuant to the Declaratory Judgment Act, as codified at Chapter 37 of the Texas Civil Practice and Remedies Code, for a declaration of that the defendants have no authority from any entity authorized under Texas Bus. & Com. Code Section 3.301 as the person entitled to enforce plaintiff's note using the non-judicial sale provisions stated in the Deed Trust plaintiff executed which is attached hereto and incorporated herein as Exhibit "G".

## BOND

89.    Plaintiff is willing to post a reasonable temporary restraining order bond and request the court to set such bond.

## REMEDY

90.    Each and all of the foregoing pleadings are to be incorporated herein by reference as though fully stated.

91.    Plaintiff is record title holder of the real property located at 720 Clearview Circle, San Marcos, TX 78666 which is now being threatened with irreparable injury by the conduct of the defendant to sell said property.

92.    Plaintiff has no adequate remedy at law for both the factual and threatened injuries just described.  The injuries and losses are continuing.  The Plaintiff's real property residence and rights involved are utterly unique and irreplaceable, so much that it will be

Plaintiff's Verified First Amended Original Petition

impossible to accurately measure, in monetary terms, the damages caused by the Defendants' wrongful conduct.

93.     For these reason, it is essential that the Court immediately and temporarily restrain Defendants from continuing with the conduct described in this petition.  It is essential that the Court act immediately, prior to notice on Defendants and a hearing on the matter, because Defendants intend to sell the property at for foreclosure on April 4, 2017.

94.     Further, for the reasons stated in this pleading, the Plaintiff requests that, after hearing on a temporary restraining order the Defendants and/ their agents, be enjoined from prosecuting any continuance of a foreclosure sale of the subject property pending a trial on the merits of this case.

### ATTORNEY'S FEES

95.     The Plaintiff has retained the law firm whose name is subscribed to this petition to represent the plaintiff in this action and has agreed to pay the firm a reasonable fee for necessary services.  An award of attorney's fees to this plaintiff would be equitable and just and authorized by Section 37.009 of the Civil Practice and Remedies Code.

### JURY DEMAND

96.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### PRAYER

For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

a.     Actual damages.

b.     Additional damages.

Plaintiff's Verified First Amended Original Petition

c.    Declaring the Defendants lack any inters tint he subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, and/or to deed, or sell the subject property;

d.    Declaring that the deed of trust is not a lien against the subject property, ordering immediate release of the deed of trust of record, and quieting title to the subject property in Plaintiff against Defendants and all claiming by through or under them;

e.    A Refund of any wrongfully or improperly collected fees and payments to Defendants to which they had no right; and

d.    Monetary relief over $100,000.00 but not more than $2,000,000.00; and

e.    Prejudgment and postjudgment interest.

f.    Court costs.

g.    Attorney fees.

h.    All other relief to which plaintiff is entitled.

Respectfully submitted,

James M. Andersen Attorney

By: /s/James M. Andersen

James M. Andersen
Texas Bar No. 01165850
P.O. Box 58554
Webster, Texas  77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Attorney for Plaintiff
Joseph M. Schaffer, Jr.
E-mail: jandersen.law@gmail.com

Page 39

Plaintiff's Verified First Amended Original Petition

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing pleading has been served upon all counsel of record via the Court's CM/ECF system pursuant to the Federal rules of Civil Procedure on this 26th day of July, 2017.

*/s/ James M. Andersen*
James M. Andersen

Page 40

Plaintiff's Verified First Amended Original Petition

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF HAYS                          §

Before me, the undersigned notary, on this day personally appeared, Joseph M. Schaffer, Jr., the affiant, and a person whose identity is known to me. After I administered an oath to the affiant, affiant testified:

"My name is Joseph M. Schaffer, Jr.   I am the plaintiff in this cause and I have read Plaintiff's Verified First Amended Original Petition for Wrongful Foreclosure, Breach of Contract, Slander of Title, Violations of the Texas Deceptive Trade Practices Act, Declaratory Judgment, Temporary Restraining Order, and Injunctive Relief. The facts stated in it are within my personal knowledge and are true and correct."

_____
Joseph M. Schaffer, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME on _JULY 26_ , 2017, by

Joseph M. Schaffer, Jr.

_____
Notary Public, State of Texas

DONALD G DICKEY
Notary ID # 126271611
My Commission Expires
September 28, 2019