# EXHIBIT LIST

Exhibit A    Decision in *U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust, Plaintiff, v. Scott A. Dupree a/k/a Scot Dupre, et al, Defendants*, **No. 6:16-CV- 0558 (LEK/TWD)**, U.S. District Court, N.D. New York, September 20, 2016

Exhibit B    Trust Agreement filed the case referenced in Exhibit A and filed with the New York court as Exhibit C

Exhibit C    Copy of the Trust Registration filed in the above referenced U.S. District Court case in the Northern District of New York which was submitted to that Court. (Submitted as Exhibit "A" to the New York Court.)

Exhibit D    File-stamped of the Certificate of Trust of LSF9 Master Participation Trust from the Delaware Secretary of State.

Exhibit E    May 13, 2015 e-mail plaintiff received from the Trustee for the Trust, U.S. Bank , the Mortgage Research, GSF Specialized MBS Services, US Bank National Association, EP-MN-WS3D, 60 Livingston Avenue, St. Paul, MN 55107

Exhibit F    Copy of March 9. 2017 Foreclosure letter from Mackie Wolf Zientz & Mann, P.C.

Exhibit F-1    Texas Property Code Section 51.0076 Effective date of appointment

Exhibit G    Copy of Deed of Trust

Exhibit H    Copy of Promissory Note

Exhibit I    Copy of Warranty Deed

Exhibit J    First assignment of deed of trust from Bank of America to LSF9 Holdings, LLC

Exhibit K    Second assignment of deed of trust from LSF9 Holdings to U.S. National Bank Trust, N.A. as trustee for LSF9 Master Participation Trust

Exhibit L    Appointment of Substitute Trustees by Bank of America dated January 14, 2014.

# EXHIBIT "A"

U.S. Bank Trust, N.A. v. Dupre, 092016 NYNDC, 6:15-CV-0558 (LEK/TWD) /**/ div.c1 {text-align: center} /**/

**U.S. BANK TRUST, N.A., as trustee for LSF8 Master Participation Trust, Plaintiff,**

**v.**

**SCOTT A. DUPRE, a/k/a Scot Dupre, et al., Defendants.**

**No. 6:15-CV-0558 (LEK/TWD)**

**United States District Court, N.D. New York**

**September 20, 2016**

### MEMORANDUM-DECISION AND ORDER

Lawrence E. Kahn, U.S. District Judge.

### I. INTRODUCTION

This action was brought by U.S. Bank Trust, N.A., in its capacity as trustee of the LSF 8 Master Participation Trust, to foreclose on a mortgage encumbering property owned by Scott and Deborah Dupre. Dkt. No. 1 ("Complaint") ¶¶ 1-4, 12. Rome Savings Bank was also included as a defendant due to its holding of a subordinate lien on the property. Id. ¶ 5.

Currently before the Court is U.S. Bank's Motion for Default Judgment, Dkt. No. 15 ("Motion"), which was filed after the Clerk's entry of default, Dkt. No. 14. Upon review of U.S. Bank's Motion, the Court issued a series of orders-prompting a series of responses-requesting additional filings that would establish the existence of subject matter jurisdiction. Dkt. Nos. 19 ("April Order"), 21 ("First Memorandum"), 22 ("July Order"), 26 ("Second Memorandum"). As explained below, these filings have failed to do so. Accordingly, U.S. Bank's Motion is denied and this action is dismissed for lack of subject matter jurisdiction.

### II. BACKGROUND

On May 5, 2015, U.S. Bank filed its Complaint, seeking to foreclose a mortgage it held upon the real property of the Dupres after they stopped making payments on their loan. Compl. ¶¶ 1, 10-11, 13-14. Rome Savings Bank was also included as a defendant due to its holding of a subordinate lien on the property. Id. ¶ 5.

U.S. Bank alleges subject matter jurisdiction on the basis of diversity of citizenship. Id. ¶ 8. The Complaint alleges that the Dupres are both citizens of New York. Id. ¶¶ 3-4. The Complaint also states that U.S. Bank "is a National Association with its principal place of business [in] . . . Wilmington, Delaware." Id. ¶ 2. Finally, the Complaint states that Rome Savings Bank "is a corporation or other business entity formed under the laws of the United States of America with its principal place of business in New York." Id. ¶ 5.

On September 18, 2015, the Clerk of the Court entered a certificate of default as to all of the defendants in this action for their failure to respond to the Complaint and summonses. Dkt. No. 14. On October 1, 2015, U.S. Bank moved for a default judgment. Mot.

On April 28, 2016, the Court issued a Decision and Order noting possible issues with U.S. Bank's asserted basis for subject matter jurisdiction. Apr. Order. Specifically, the Court's order noted that the allegation concerning Rome Savings Bank created doubts as to its citizenship, as the Complaint did not specify the type of business entity or state of incorporation for Rome Savings Bank. Id. at 1. The order also questioned U.S. Bank's citizenship, as the Complaint only

noted that its principal place of business was in Delaware without further explanation of its citizenship. *Id.* at 1-2.

The Court allowed U.S. Bank to file a response to the April Order, *id.* at 2, which it did on May 31, 2016, First Mem. As evidence for U.S. Bank's own citizenship, it attached a list of national banks, apparently from the Office of the Comptroller of the Currency, that notes the city and state of "U.S. Bank Trust National Association" as Wilmington, Delaware. *Id.* ¶ 12, Ex. A. Regarding Rome Savings Bank's citizenship, U.S. Bank simply reiterated its statement that Rome Savings' principal place of business is in New York, and noted that Rome Savings had listed a Rome, New York, business address on a city court transcript of judgment. *Id.* ¶ 13, Ex. B.

On July 1, 2016, the Court issued another Decision and Order in response to U.S. Bank's filing. July Order. In the July Order, the Court noted that the list of national banks was insufficient evidence of U.S. Bank's main office location, but allowed yet another response and directed U.S. Bank to submit a copy of its articles of association. *Id.* at 1-2 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006)). The Court also noted that there was insufficient information in the Complaint or other filings to show that U.S. Bank could maintain a suit brought on behalf of the LSF8 Master Participation Trust using only its own citizenship and without reference to the citizenship of the trust's beneficiaries, and directed U.S. Bank to file a copy of the trust instrument or other comparable evidence. *Id.* at 2-3. Furthermore, the Court found that the additional information concerning Rome Savings Bank was insufficient to demonstrate its citizenship, as U.S. Bank had "still not identified its state of incorporation, whether it instead is a national banking association chartered by the Office of the Comptroller of the Currency, or if the Bank has been acquired by, or merged with, another bank or corporation." *Id.* at 3; *see also id.* at 3 n.1 (identifying information suggesting that Rome Savings Bank had been acquired by another bank in 2011).

In its most recent memorandum, filed on August 10, 2016, U.S. Bank responded by reiterating that its principal place of business is in Wilmington, Delaware, and that U.S. Bank was "authorized to act on behalf of the LSF8 Master Participation Trust, " and thus that only its citizenship should count for diversity purposes. Second Mem. ¶¶ 10-12. While U.S. Bank did attach the trust instrument as an exhibit, the text of that instrument was almost entirely redacted. *Id.* Ex. C. Additionally, U.S. Bank failed to include its own articles of association (despite the Court's request that it do so), and did not address Rome Savings Bank's citizenship in any way. Second Mem. Finally, while U.S. Bank claims that the trust instrument shows that the LSF8 Master Participation Trust should be distinguished for diversity purposes from "an unincorporated, 'artificial entity' created under state law and given the trust label, " *id.* ¶ 12, its exhibits show that the LSF8 Master Participation trust was formed as a Delaware statutory trust and that the trust instrument was filed with the Secretary of State under the procedures for creating that type of entity, *id.* Exs. A, C; *see also* Del. Code Ann. tit. 12, § 3810 (establishing the procedures for filing certificates of trust with the Secretary of State).

### III. LEGAL STANDARD

A fundamental predicate to judgment in the federal courts is the existence of subject matter jurisdiction. "Dismissal of a case for lack of subject matter jurisdiction . . . is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union*

*Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A lack of subject matter jurisdiction may not be waived, and may be raised by motion or sua sponte at any time. *E.g.*, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting subject matter jurisdiction carries the burden of proving its existence by a preponderance of the evidence. *E.g.*, *Makarova*, 201 F.3d at 113; *Augienello v. FDIC*, 310 F.Supp.2d 582, 587-88 (S.D.N.Y. 2004). This is true even on a motion for default judgment, since the principle that a default deems the well-pleaded allegations of the complaint to be admitted is inapplicable when a court doubts the existence of subject matter jurisdiction. *See Transatlantic Marine*, 109 F.3d at 108.

## IV. DISCUSSION

As mentioned earlier, U.S. Bank alleges federal jurisdiction on the basis of diversity of citizenship. Compl. ¶ 8. Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be "complete" diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff. *E.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). While the Court has no reason to doubt the allegations in the Complaint contending that Scott and Deborah Dupre are both citizens of New York, Compl. ¶¶ 3-4, the Court has concerns, expressed in the July Order, about the citizenship of U.S. Bank, whether U.S. Bank's citizenship is sufficient when suing on behalf of the Master Participation Trust, and the citizenship of Rome Savings Bank. As discussed below, these concerns were not addressed by U.S. Bank's most recent filing, and it has failed to meet its burden of establishing the existence of subject matter jurisdiction.

### A. Citizenship of U.S. Bank and the Master Participation Trust

As a national banking association, the citizenship of U.S. Bank is defined by 28 U.S.C. § 1348. That statute provides that "[a]ll national banking associations shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located." At issue here is the meaning of the word "located."

In *Wachovia Bank v. Schmidt*, the Supreme Court addressed the meaning of "located" within § 1348, finding that a national banking association is located for diversity purposes "in the State designated in its articles of association as its main office." 546 U.S. at 318. As the Court noted, "[a] national bank, on formation, must designate, in its organization certificate and articles of association, the 'place where its operations of discount and deposit are to be carried on.'" *Id.* at 307 n.1 (quoting 12 U.S.C. § 22). It is this "main office" that determines the bank's home state under the banking laws and, under *Wachovia*, determines the bank's citizenship for diversity purposes. *Id.* at 307 & n.1. A change to the city of this main office may only be accomplished through an amendment of the bank's articles of association. *Id.* at 307 n.1; 12 C.F.R. § 5.40(c)(2)(i).

While U.S. Bank's filings state that its "principal executive offices" and "principal place of business" are in Delaware, Second Mem. ¶ 10 (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)), this confuses the test for determining the citizenship of national banking associations with that of

corporations. Under *Hertz*, the principal place of business for a corporation is the corporation's "nerve center, " meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. at 92-93. This test, however, does not extend beyond corporations, and the Supreme Court's diversity jurisprudence has long maintained the existence of a "doctrinal wall" between the diversity treatment of corporations and of other artificial entities. *E.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990); *United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151 (1965).

As U.S. Bank itself correctly said, "a federally chartered national bank . . . is a citizen of the State in which its main office, *as set forth in its articles of association*, is located." First Mem. ¶ 10 (citing *Wachovia*, 546 U.S. at 306-07). Here, U.S. Bank failed to provide its articles of association, and failed to state anywhere in its memorandum that Delaware is the state listed as the location of its main office in the articles of association. Second Mem. Because U.S. Bank failed to provide its articles of association or any other comparable evidence of the bank's main office, as it was directed to do in the Court's July Order, the Court finds that U.S. Bank has not sufficiently established its citizenship for purposes of diversity jurisdiction.

Even beyond U.S. Bank's failure to properly establish its own citizenship, it has also failed to show that its citizenship alone may be counted when bringing suit on behalf of the LSF8 Master Participation Trust. In *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012 (2016), the Supreme Court addressed the diversity citizenship of a real estate investment trust ("REIT") created under Maryland law. Noting that states "have applied the 'trust' label to a variety of unincorporated entities that have little in common with" traditional, gift-based trusts, the Court found that for business trusts that are separate legal entities and can sue or be sued in their own right, the citizenship of all the trust's shareholders or beneficiaries is dispositive. *Id.* at 1016-17.

U.S. Bank responds to *Americold* by noting that, unlike the REIT at issue in that case, here U.S. Bank brought suit in its own name as trustee and was "authorized to act on behalf of" the trust under the trust instrument. Second Mem. ¶¶ 11-12. Indeed, the Court in *Americold* left intact the rule that "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs-as is true of any natural person." 136 S.Ct. at 1016 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). This rule, however, only applies when the trustees are the real parties in interest to the controversy, meaning, among other things, that they are "active trustees whose control over the assets held in their names is real and substantial." *Navarro*, 446 U.S. at 462-66.

While the Court asked U.S. Bank to provide evidence on this point (namely, the trust instrument), it has utterly failed to do so. The trust agreement attached to the Second Memorandum was almost completely redacted, and the only visible portion remaining-cited by U.S. Bank as apparently showing its active control over the trust-states that U.S. Bank "shall have only such rights, powers and duties as are specifically and expressly required by this Agreement." Second Mem. Ex. C. If anything, this provision seems to expressly reject the idea that U.S. Bank is an active trustee with real and substantial control over the trust's assets (and thus that U.S. Bank is the real party in interest under *Navarro*). If the rest of the trust agreement shows differently, U.S. Bank has rendered this impossible to determine by filing an otherwise completely redacted version

of this document.

Despite U.S. Bank's argument, Second Mem. ¶ 12, this Delaware statutory trust seems precisely like the type considered by the Supreme Court in *Americold*, and U.S. Bank has failed to demonstrate that it is a real party to the controversy that can proceed in its own right and without reference to the citizenship of the trust's beneficiaries, *cf.* Del. Code Ann. tit. 12, § 3804(a) ("A statutory trust may sue or be sued [in its own name] . . . ."). For all of these reasons, this action must be dismissed for lack of subject matter jurisdiction.

**B. Citizenship of Rome Savings Bank**

In addition to its failure to establish the trust's citizenship, or why U.S. Bank's citizenship alone should be counted under *Navarro* and *Americold*, U.S. Bank also ignored the portion of the Court's July Order demanding additional information about the citizenship of Rome Savings Bank. July Order at 3. In the Complaint, U.S. Bank alleges that "Rome Savings Bank is a corporation or other business entity formed under the laws of the United States of America with its principal place of business in New York." Compl. ¶ 5. As the Court previously stated, this allegation is wholly insufficient to establish Rome Savings Bank's citizenship for diversity purposes. July Order at 3.

While the Court would not ordinarily call into question a well-pleaded allegation concerning the citizenship of a defaulted party, this statement of Rome Savings Bank's citizenship raises doubts about what type of entity it is and where else (aside from New York) it could be a citizen. As discussed above, the rules for determining diversity citizenship differ based on the type of entity at issue. *Carden*, 494 U.S. at 190; *Bouligny*, 382 U.S. at 151. Saying that "Rome Savings Bank is a corporation or other business entity, " Compl. ¶ 5, says effectively nothing about how its citizenship is properly determined.

Also, aside from certain banking entities (such as U.S. Bank) that are chartered by the Office of the Comptroller of the Currency, corporations and other artificial entities are not "formed under the laws of the United States of America, " Compl. ¶ 5; *accord* First Mem. ¶ 13, but instead under the laws of a specific state, *see, e.g.*, Del. Code Ann. tit. 8, § 101 (establishing the procedures for forming a Delaware corporation). If Rome Savings Bank is structured as a corporation, it takes the citizenship of its state of incorporation in addition to that of its principal place of business, 28 U.S.C. § 1332(c)(1), and if it is not incorporated, it takes the citizenship of all of its members, *Carden*, 494 U.S. at 195-96. U.S. Bank's filings fail to establish which states Rome Savings would be a citizen of in either case. *See* First Mem. ¶ 13 (stating that Rome Savings Bank's "principal place of business [is] in New York" without discussing its state of incorporation).

In its previous order, the Court expressly noted the insufficiency of the current proof concerning Rome Savings Bank's citizenship, July Order at 3, and yet U.S. Bank failed to address this issue in any way, *see* Second Mem. Because U.S. Bank has not sufficiently shown Rome Savings Bank's diversity citizenship, this action must be dismissed for lack of subject matter jurisdiction.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERE**D, that U.S. Bank's Motion (Dkt. No. 15) is DENIED; and it is further

ORDERED, that U.S. Bank's Complaint (Dkt. No. 1) is DISMISSED for lack of subject matter

jurisdiction, and the Clerk of the Court is directed to close this action; and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on U.S. Bank in accordance with the Local Rules.

**IT IS SO ORDERED.**

# EXHIBIT "B"

C

EXECUTION COPY

TRUST AGREEMENT

among

**LSF8 MORTGAGE HOLDINGS, LLC,**
as Depositor

**WELLS FARGO BANK, N.A.,**
as Certificate Registrar and Trust Paying Agent

and

**U.S. BANK TRUST NATIONAL ASSOCIATION**
as Owner Trustee

Dated

August 1, 2013

**LSF8 MASTER PARTICIPATION TRUST**

This Trust Agreement (the "Participation Trust Agreement" or "Agreement"), dated August 1, 2013, is among LSF8 Mortgage Holdings, LLC, a Delaware limited liability company, as depositor (the "Depositor"), Wells Fargo Bank, N.A., a national banking association, as trust paying agent and certificate registrar, and U.S. Bank Trust National Association, a national banking association (in its individual capacity, together with its successors and assigns, "USBTNA"), as owner trustee (solely in such capacity, the "Owner Trustee").

WHEREAS, the Owner Trustee filed a Certificate of Trust of the Participation Trust with the Office of the Secretary of State of the State of Delaware on even date herewith; and

WHEREAS, the parties hereto desire to set forth their respective rights and obligations hereunder.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto hereby agree as follows:





SECTION 2.04. <u>Appointment of Owner Trustee</u>.  The Depositor hereby appoints the Owner Trustee as trustee of the Participation Trust to have all the rights, powers and duties set

forth herein. The Owner Trustee hereby confirms its acceptance of such appointment and agrees to act as trustee of the Participation Trust for the benefit of the Certificateholders in accordance with and subject to the terms and conditions of this Agreement. The Owner Trustee shall have only such rights, powers and duties as are specifically and expressly required by this Agreement and, to the extent not inconsistent herewith, the Delaware Act.



IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers or agents hereunto duly authorized, as of the day and year first above written.

LSF8 MORTGAGE HOLDINGS, LLC
as Depositor

By: _____
    Name: Kyle Volluz
    Title: Vice President

U.S. BANK TRUST NATIONAL ASSOCIATION,
as Owner Trustee

By: _____
    Name:
    Title:

*[VOLT XVIII-- Trust Agreement (Participation Agent)]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers or agents hereunto duly authorized, as of the day and year first above written.

LSF8 MORTGAGE HOLDINGS, LLC as Depositor

By: _____
    Name:
    Title:

U.S. BANK TRUST NATIONAL ASSOCIATION, as Owner Trustee

By: _____
    Name:   John L. Linssen
    Title:    Vice President

*[VOLT XVIII-- Trust Agreement (Participation Agent)]*

WELLS FARGO BANK, N.A. hereby accepts
the appointment as Certificate Registrar
pursuant to Section 3.04 hereof.

By: _____

    Name:    Graham M. Oglesby
    Title:       Vice President

WELLS FARGO BANK, N.A. hereby accepts
the appointment as Trust Paying Agent
pursuant to Section 3.09 hereof.

By: _____

    Name:    Graham M. Oglesby
    Title:       Vice President

*[VOLT XVIII — Trust Agreement (Participation Agent)]*

# EXHIBIT "C"



Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

Frequently Asked Questions   View Search Results

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 5376905 | Incorporation Date / Formation Date: | 8/1/2013 (mm/dd/yyyy) |
| Entity Name: | **LSF8 MASTER PARTICIPATION TRUST** | | |
| Entity Kind: | **Statutory Trust** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **U.S. BANK TRUST NATIONAL ASSOCIATION** |
| Address: | **300 DELAWARE AVENUE 9TH FLOOR** |
| City: | **WILMINGTON**     County: **New Castle** |
| State: | **DE**     Postal Code: **19801** |
| Phone: | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information   Submit

Back to Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx

8/10/2016

# EXHIBIT "D"

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:31 PM 07/10/2014*
*FILED 01:31 PM 07/10/2014*
*SRV 140939083 - 5566312 FILE*

## CERTIFICATE OF TRUST
## OF
## LSF9 MASTER PARTICIPATION TRUST

THIS Certificate of Trust of LSF9 Master Participation Trust (the "Trust") is being duly executed and filed on behalf of the Trust by the undersigned, as trustee, to form a statutory trust under the Delaware Statutory Trust Act (12 Del. C. § 3801 et seq.) (the "Act").

1.    Name. The name of the statutory trust formed by this Certificate of Trust is LSF9 Master Participation Trust.

2.    Delaware Trustee. The name and address of the trustee of the Trust with a principal place of business in the State of Delaware are U.S. Bank Trust National Association, 300 Delaware Avenue, 9th Floor, Wilmington, Delaware 19801.

3.    Effective Date. This Certificate of Trust shall be effective upon filing.

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate of Trust in accordance with Section 3811(a)(1) of the Act.

U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as Owner Trustee of the Trust

By: _____

Name:    Tim Matyi

Title:    Vice President

RLF1 10431379v.1

# EXHIBIT "E"



**Joseph Schaffer <jschaffer@gmail.com>**

## 720 Clearview Circle San Marcos TX 78666 (mdb)

1 message

**sfmortgageresearch@usbank.com** <sfmortgageresearch@usbank.com>    Wed, May 13, 2015 at 9:57 AM
To: jschaffer@gmail.com

Dear Mr. Schaffer:

I am writing in response to your email which was sent to U.S. Bank on 05/09/15. On behalf of U.S. Bank, I am happy to assist you with this matter to the extent I am able to provide information.

I have researched the above referenced property and have determined that U.S. Bank is merely the trustee for the Trust which owns the mortgage and note. Please note the Trust is the owner of the mortgage and note, not the trustee. U.S. Bank is not the lender or servicer for this property, and has no involvement with the foreclosure process. That action has been taken in the name of the Trust by the servicer, as the party to the Trust with the authority and responsibility to make decisions and take action regarding individual mortgage loans in the Trust. The trustee has no authority or responsibility to review and or approve or disapprove of these decisions and actions. It is the servicer who has taken all action regarding your property, and is the party that is responsible for providing the information you have requested

In order to address your issues, you must contact Caliber Home Loans Inc. ("Caliber") as the servicer for this property. I forwarded your correspondence on to them, and requested they respond to you and to U.S. Bank regarding this matter. Caliber has responded and assigned **Ms. Lynette Shahbazi** as their representative with whom you can discuss your specific concerns. **Ms. Shahbazi** can be reached directly at **(800-401-6587).** If you have difficulty contacting Caliber, please feel free to contact me again, so I can make sure I get you to the right party to address your concerns.

While U.S. Bank understands and wishes to assist you with this matter, the servicer is the only party with the authority and responsibility to make decisions and take action regarding this property and they are not affiliated with U.S. Bank in any way. I have included a brochure that further explains the roles of the servicer and trustee that I hope you find helpful.

You need to work with Caliber to address your concerns regarding this property. Please directly contact the representative provided to you in this letter, so she may assist you in a more timely and efficient manner.

Thank you for contacting U.S. Bank


Mortgage Research
GSF Specialized MBS Services
US Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, MN 55107
sfmortgageresearch@usbank.com


—— Forwarded by Jessica L Brown/MN/USB on 05/11/2015 08:51 AM ——



U.S. BANK GLOBAL CORPORATE TRUST SERVICES

# The Role of Trustee for Mortgage-Backed Securities

The securitization of mortgage loans, which began in the 1970s, has greatly contributed to the availability and affordability of mortgage credit. Historically, some mortgage lenders securitized as much as 70-80% of their outstanding mortgages through the sale of Mortgage-Backed Securities (MBS) in the capital markets. Today, people are interested in understanding the securitization process and the responsibility of the parties involved in the MBS transactions; particularly as homeowners and others face challenges such as default, foreclosure or modification.

## What is a Mortgage-Backed Security?

A MBS is a financial instrument that represents an ownership interest in a group of mortgage loans (commonly referred to as a "pool" of loans) and its corresponding cash flows. Banks, mortgage companies, and other originators sell mortgage loans to governmental, quasi-governmental or private entities that assemble the loans into pools and then deposit them into trusts. Securities of those trusts are then issued and sold to investors who are entitled to receive principal and interest payments made by borrowers on the loans in the trust. This process, explained in more detail below, is known as securitization.

A MBS is typically created by the owner of a pool of mortgages. The owner is typically referred to as the "sponsor" who may be the originator of the mortgage, or an aggregator who purchases mortgage loans from other institutions. When the sponsor accumulates a pool of sufficient size and diversification, it engages several parties to structure, sell and administer the mortgage loans and trust on an ongoing basis. The parties typically selected and engaged by the sponsor include a loan servicer and trustee, and their distinct roles and responsibilities are set forth in the trust documents (typically a pooling and servicing agreement (PSA)).



At the closing of a typical securitization transaction, and under the terms of the PSA, a trust is created. The sponsor transfers the pool of mortgage loans to the trust in exchange for the MBS certificates, which are then sold to investors, such as mutual funds and insurance companies.

Under the PSA, loan servicers have sole control and responsibility with respect to all aspects of managing the loan accounts, including collecting payments from borrowers, paying taxes and insurance, maintaining properties, engaging in loss mitigation efforts to permit borrowers to maintain their homes, and initiating and pursuing foreclosure proceedings. With respect to foreclosures, loan servicers have sole decision-making power over whether or not to initiate foreclosure proceedings, as well as full control over hiring and directing the attorneys or law firms who handle foreclosure proceedings. Loan servicers are not designated by the trustee and are not agents of U.S. Bank.

While the loan servicers have a "borrower facing" role, under the PSA, the trustee typically has an "investor facing" role. The trustee holds the legal interest in the pooled mortgage loans for the benefit of the investors. The trustee may also distribute payments to the investors and perform other administrative functions.



## Who Initiates and Manages a Foreclosure?

The Servicer has sole decision-making power and control over foreclosure proceedings. U.S. Bank, as trustee for thousands of securitization transactions involving many millions of mortgages, is sometimes mentioned in media reports concerning foreclosures. However, U.S. Bank, as trustee, has no control over the initiation or conduct of these foreclosure proceedings. While trustees may hold legal title to securitized mortgages, their ownership is only nominal for the benefit of the trust. Trustees have no economic or beneficial interest in the loans and no authority to manage or otherwise take action with respect to the servicing of the loans.

Trustees play no role in initiating or conducting the foreclosure process, have no role in granting or denying a loan modification, and have little or no information relating to mortgage loan activities including foreclosures.

When a servicer initiates a foreclosure proceeding, it acts on behalf of the trust and typically in the name of the trustee as the legal titleholder of the mortgage. For this reason, it is common to see published foreclosure notices that reference the trustee (i.e. U.S. Bank as Trustee for…) as the entity initiating the foreclosure. This leads many to believe that trustees, such as U.S. Bank, initiate and manage the foreclosure process.

Throughout the foreclosure process, the loan servicer is responsible for complying with registration and any other legal requirements of the jurisdiction of the mortgaged property.

Following the completion of the foreclosure proceeding, the loan servicer is also responsible for the property's maintenance, again, in accordance with requirements of the applicable jurisdiction. As long as any property is owned by a trust, the loan servicer continues to be responsible for ongoing maintenance and upkeep in compliance with applicable laws and regulations.

# Servicer & Trustee Responsibilities

## Servicer:

- Collect payments from the borrower/mortgagee
- Maintain loan-level information
- Pay taxes and insurance on the property (as applicable)
- Call a default for non-payment
- Foreclose on the mortgage and maintain the related property in compliance with local housing codes
- Modify mortgage terms within limitations outlined by the provisions of the PSA relevant to a particular MBS transaction

## U.S. Bank as Trustee:

- Hold nominal title to the mortgage loans for the benefit of investors
- May maintain investor/security holder records
- May distribute payments to the investor/security holder
- Has no discretion or authority in the foreclosure process and does not initiate foreclosure actions
- Has no authority over, or responsibility for, overseeing mortgage servicers or their agents and attorneys
- Does not manage or maintain properties following foreclosure
- Has no authority to approve or deny loan modifications

Trustees for MBS transactions, including U.S. Bank, have no advance knowledge of when a mortgage loan defaults.

Trustees on MBS transactions, while named on the mortgage and on legal foreclosure documents, have no active role in the foreclosure process.

# Parties to a Mortgage Backed Securities Transaction

**Borrower**
The individual or entity who received the loan proceeds and is responsible for making principal and interest payments in accordance with the terms of the underlying note and mortgage documents.

**Investor**
The buyer and owner of an MBS certificate or certificates.

**Originator**
The financial institution or mortgage lender that initiates the mortgage agreement with the borrower.

**Servicer**
The party responsible for administering the mortgages loans and collecting monthly payments (e.g. principal/interest, tax,

insurance). If a borrower (mortgagee) does not make payments to the servicer as required by the mortgage documents, the servicer may foreclose on the property in accordance with the trust documents, as well as state and local law. Some MBS transactions have more than one servicer.

**Trust**
The special purpose entity that owns the pooled mortgages for the benefit of investors.

**Trustee**
The party responsible for administering the trust under the terms of the PSA.

# How Do I Obtain Information on a Specific Mortgage Loan?

To learn more about a specific mortgage loan, including a loan in foreclosure, contact the servicer for the MBS transaction that holds the mortgage as collateral. The servicer for a specific mortgage is the entity to which the borrower makes monthly payments and from which the borrower receives a monthly statement. The servicer can offer more details regarding the mortgage loan than the trustee.

U.S. Bank has taken several important actions in an effort to assist borrowers and other stakeholders within its limited role as trustee:

- U.S. Bank has sent notices to servicers for trusts as to which U.S. Bank is the trustee reinforcing the importance of the servicers' compliance with applicable state and local statutes and regulations, as well as good industry servicing practices, with respect to all aspects of management of loan accounts, including initiating and conducting foreclosure actions, and handling loan modification applications.

- U.S. Bank has established a dedicated toll-free (800) number to handle calls related to loans that identify U.S. Bank as Trustee. Our professional staff connects callers with servicers who can best address their questions.

- U.S. Bank facilitates communication between other stakeholders, such as cities or housing authorities, by identifying the applicable trust and servicer and bringing issues or complaints requiring attention or action to its loan servicing contacts.

**For more information about U.S. Bank and its role as trustee in MBS transactions, please call (800) 236-3488 between the hours of 8 a.m. and 5 p.m. central time Monday through Friday.**

All of  serving you®

# usbank.

**usbank.com/corporatetrust**

Deposit products offered by U.S. Bank National Association. Member FDIC.

Investment and insurance products are:

| NOT A DEPOSIT | NOT FDIC-INSURED | MAY LOSE VALUE | NOT GUARANTEED BY THE BANK | NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY |
|---|---|---|---|---|

U.S. Bank is not responsible for and does not guarantee the products, services, performance or obligations of its affiliates.                    ROT511

From:     internet.development.shared@usbank.com
To:       christine.Dooley@usbank.com, jessica.brown1@usbank.com,
Date:     05/09/2015 08:19 AM
Subject:  ITC Contact US Inquiry

Please contact me via: E-mail
First Name: Joseph
Last Name: Schaffer
Company Name: n/a
E-mail Address: jschaffer@gmail.com
Address1: 720 Clearview Cir
Address2:
Address3:
City: San Marcos
State: TX
Zip: 78666
Daytime Phone: 512-665-1427
Evening Phone: 512-665-1427
How can we help you: Trust Services
Comment/Question:
My loan servicer Caliber Home Loans has US Bank Trust N.A. listed as the trustee for LSF9 Master
Participation Trust.

According to Hays County, TX clerk records, LSF9 Master Participation Trust is the
Mortgagee/creditor on the most recent assignment of "Deed of Trust" filed: March 27, 2015.
Document Number: 2015-15008771. Book: OPR, Volume: 5171, Page(s): 567-569.

My legal property desc. is: "LOT 31, BLOCK 1, OF HILLS OF HAYS, PHASE II, A SUBDIVISION IN HAYS
COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 4, PAGES 335-337, OF THE PLAT
RECORDS OF HAYS COUNTY, TEXAS."

Per, RESPA this is a Qualified Written Request. I request evidence that the mortgage note was
properly securitized, which includes all assignments of mortgage, along with a copy of the
original Promissory Note.

Please send copies of this proof to my mailing address and email listed below.

Joseph M. Schaffer Jr.
720 Clearview Cir.
San Marcos, TX 78666

jschaffer@gmail.com


U.S. BANCORP made the following annotations
---

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by
electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the
intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing,
or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have
received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

---

**RoleOfTrustee_8.22.14.pdf**
605K

**RoleOfTrustee_8.22.14.pdf**
605K

# EXHIBIT "F"

9307 1100 1170 0906 4095 12

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PHONE (214) 635-2650 FAX (214) 635-2686

PARKWAY OFFICE CENTER, SUITE 900
14160 NORTH DALLAS PARKWAY
DALLAS, TEXAS 75254
* PLEASE RESPOND TO DALLAS OFFICE

UNION PLAZA
124 WEST CAPITOL, SUITE 1560
LITTLE ROCK, ARKANSAS 72201

13-002956-570
March 9, 2017
CERT MAIL
JOESEPH M. SCHAFFER, JR.
C/O JAMES M. ANDERSEN
17041 EL CAMINO REAL, SUITE 204
HOUSTON, TX 77058

RE:     Loan No. 9803784132
        MWZM No. 13-002956-570

## NOTICE OF REPOSTING AND SALE

Dear JOESEPH M. SCHAFFER, JR.,

We have been retained by CALIBER HOME LOANS, INC., Mortgage Servicer for U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST , the current Mortgagee of the Note and Deed of Trust related to the above referenced loan. A servicing agreement between the Mortgagee, whose address is:

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST
C/O CALIBER HOME LOANS, INC.
3701 REGENT BOULEVARD, SUITE 200
IRVING, TX 75063

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt. We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

Because of your failure to cure the default, the maturity date of the Note was previously accelerated. All unpaid principal and accrued interest on the Note remain due and payable at this time. You may obtain the precise amount to pay off the loan and prevent foreclosure by contacting this firm at **(214) 635-2650**. Payment must be made by cashier's check, certified check or money orders.

On Tuesday, 04/04/2017, the Trustee or Substitute Trustee will sell to the highest cash bidder, the property legally described in the enclosed Notice of Foreclosure Sale. The sale will occur at the Hays County Courthouse in the area designated by the Hays County Commissioner's Court, or if no such area has been designated by the Commissioner's Court then in the usual and customary location in that County. We have enclosed a copy of the Notice of Foreclosure Sale, which is being posted at the Hays County Courthouse in accordance with Texas law and the provisions of the Deed of Trust.

All obligors and guarantors have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure. If this debt has been discharged in bankruptcy or you are not obligated on this debt, the Mortgage Servicer is not attempting to collect this debt from you personally.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.



## NOTICE OF FORECLOSURE SALE

1. ***Property to Be Sold.*** the property to be sold is described as follows:

LOT 31, BLOCK 1, OF HILLS OF HAYS, PHASE II, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 4, PAGES 335-337, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

2. ***Instrument to be Foreclosed.*** The instrument to be foreclosed is the Deed of Trust dated 01/19/2007 and recorded in Book 3094 Page 468        Document 70002118 real property records of Hays County, Texas.

3. ***Date, Time, and Place of Sale.*** The sale is scheduled to be held at the following date, time, and place:

Date: 04/04/2017

Time: 12:00 PM

Place: Hays County Courthouse, Texas, at the following location:

ON THE FRONT STEPS OF THE HAYS COUNTY GOVERNMENT BUILDING, OR THE PRECEDING AREA IS NO LONGER THE DESIGNATED AREA, AT THE AREA MOST RECENTLY DESIGNATED BY THE COUNTY COMMISSIONER`S COURT or as designated by the County Commissioners Court.

4. ***Terms of Sale.*** The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property.

Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property.

Prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the deed of trust. The sale shall not cover any part of the property that has been released of public record from the lien of the deed of trust. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

5. ***Obligations Secured.*** The Deed of Trust executed by JOESEPH M. SCHAFFER, JR., provides that it secures the payment of the indebtedness in the original principal amount of $107,000.00, and obligations therein described including but not limited to (a) the promissory note; and (b) all renewals and extensions of the note. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the current mortgagee of the note and deed of trust and CALIBER HOME LOANS, INC. is mortgage servicer. A servicing agreement between the mortgagee, whose address is U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust c/o CALIBER HOME LOANS, INC., 3701 Regent Boulevard, Suite 200, Irving, TX 75063 and the mortgage servicer and Texas Property Code § 51.0025 authorizes the mortgage servicer to collect the debt.

6. ***Default and Request to Act.*** Default has occurred under the deed of trust, and the mortgagee has requested a Substitute Trustee conduct this sale. Notice is given that before the sale the mortgagee may appoint another person substitute trustee to conduct the sale.

<div style="margin-left: 50%;">

WENDY ALEXANDER, TOBEY LATHAM OR MICHAEL W. ZIENTZ, Substitute Trustees
c/o AVT Title Services, LLC
1101 Ridge Rd. Suite 222
Rockwall, TX 75087

</div>

13-002956-570
720 CLEARVIEW CIRCLE, SAN MARCOS, TX 78666



Mackie, Wolf & Zientz, PC
PO Box 9077
Temecula, CA 92589-9077



9307 1100 1170 0906 4095 12

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20170310-89

Send Correspondence to:
Mackie, Wolf & Zientz, PC
14160 North Dallas Parkway
Suite 900
Dallas, TX  75254

JOESEPH M. SCHAFFER, JR.
17041 EL CAMINO REAL STE 204
HOUSTON, TX 77058-2646



REPOST1