# EXHIBIT 2

EXECUTION COPY

TRUST AGREEMENT

among

LSF9 MORTGAGE HOLDINGS, LLC,
as Depositor

WELLS FARGO BANK, N.A.,
as Certificate Registrar and Trust Paying Agent

and

U.S. BANK TRUST NATIONAL ASSOCIATION
as Owner Trustee

Dated

July 10, 2014

LSF9 MASTER PARTICIPATION TRUST

## TABLE OF CONTENTS

Page

██████████████████████████████████████████████████

██████████████████████████████████████████████████

**ARTICLE II  ORGANIZATION** ...................................................................5
    SECTION 2.01.  Name and Formation.........................................................5
    SECTION 2.02.  Office ................................................................................5
    SECTION 2.03.  Purposes and Powers.........................................................5
    SECTION 2.04.  Appointment of Owner Trustee .........................................7

    SECTION 2.06.  Declaration of Trust ..........................................................7

    SECTION 2.08.  Title to Trust Property.........................................................7

██████████████████████████████████████████████████

██████████████████████████████████████████████████

**ARTICLE IV  ACTIONS BY OWNER TRUSTEE**....................................15

    SECTION 4.02.  Restrictions on Certificateholders' Power ...........................16
    SECTION 4.03.  Majority Control .................................................................16

██████████████████████████████████████████████████

**ARTICLE VI  AUTHORITY AND DUTIES OF OWNER TRUSTEE**..................20

    SECTION 6.02.  General Duties.....................................................................21

SECTION 6.03.  Action upon Instruction ........................................................................21
SECTION 6.04.  No Duties Except as Specified in this Agreement or in
                       Instructions.........................................................................22
SECTION 6.05.  No Action Except Under Specified Documents or Instructions ............23

**ARTICLE XI  MISCELLANEOUS**.................................................................................**33**

SECTION 11.02.  No Legal Title to Participation Trust Estate in
                        Certificateholders.............................................................34



This Trust Agreement (the "Participation Trust Agreement" or "Agreement"), dated July 10, 2014, is among LSF9 Mortgage Holdings, LLC, a Delaware limited liability company, as depositor (the "Depositor"), Wells Fargo Bank, N.A., a national banking association, as trust paying agent and certificate registrar, and U.S. Bank Trust National Association, a national banking association (in its individual capacity, together with its successors and assigns, "USBTNA"), as owner trustee (solely in such capacity, the "Owner Trustee").

WHEREAS, the Owner Trustee filed a Certificate of Trust of the Participation Trust with the Office of the Secretary of State of the State of Delaware on even date herewith; and

WHEREAS, the parties hereto desire to set forth their respective rights and obligations hereunder.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto hereby agree as follows:









## ARTICLE II

## ORGANIZATION

SECTION 2.01.  Name and Formation.  The Participation Trust is created pursuant to the execution of this Agreement and the filing by the Owner Trustee of a Certificate of Trust of the Participation Trust (the "Certificate of Trust") with the Office of the Secretary of State of the State of Delaware (the "Secretary of State") on even date herewith under the name "LSF9 Master Participation Trust," in which name the Participation Trust shall have power and authority and is hereby authorized and empowered to act, without the need for further action on the part of the Participation Trust, and the Owner Trustee shall have power and authority, and is hereby authorized and empowered, to conduct the business of the Participation Trust, make and execute contracts and other instruments on behalf of the Participation Trust and sue and be sued on behalf of the Participation Trust.  The Participation Trust is hereby formed as a statutory trust under the Delaware Statutory Trust Act, 12 Del. C. §§ 3801 et seq. (the "Delaware Act").  The execution and filing of the Certificate of Trust with the Secretary of State by the Owner Trustee is hereby ratified, authorized, and approved.  The Owner Trustee shall have power and authority, and is hereby authorized and empowered, at the written direction of the Majority Certificateholder and, except with respect to those required by the Delaware Act, if any Participation Certificate is subject to an Indenture, subject to the written consent of any Indenture Trustee(s) relating thereto, to execute and file with the Secretary of State any other certificate required or permitted under the Delaware Act to be filed with the Secretary of State.

SECTION 2.02.  Office.  The office of the Participation Trust shall be in care of the Owner Trustee at the Corporate Trust Office or at such other address in Delaware as the Owner Trustee may designate by written notice to the Certificateholders and the Depositor.

SECTION 2.03.  Purposes and Powers.  The purpose of the Participation Trust is, and the Participation Trust shall have the power and authority, and is hereby authorized and empowered, without the need for further action on the part of the Participation Trust, and the Owner Trustee (or the Trust Paying Agent, the Certificate Registrar or the Majority Certificateholder, as applicable) shall have power and authority, and is hereby authorized and empowered, in the name and on behalf of the Participation Trust, to do or cause to be done all acts and things necessary, appropriate, or convenient to cause the Participation Trust, to engage in the following activities:

        (i)      to execute, authenticate, deliver and issue from time to time the Certificates (including to the Depositor on the date hereof) pursuant to this Agreement;

        (ii)      to receive, participate, hold, release and dispose of Mortgage Loans and REO Properties from time to time for the benefit of the holder of the related Participation Certificates pursuant to the terms of the Participation Agreement, any related Indenture, any related Servicing Agreement and any Mortgage Asset Sale Agreement (or similar

agreements), including receiving and disposing of any Mortgage Loans and REO Properties or Participation Interests therein pursuant to an Indenture;

(iii)    to execute, authenticate, deliver, issue and exchange from time to time one or more Participation Certificates reflecting, as set further set forth therein, Participation Interests in the related Mortgage Loans or REO Properties as directed by the Majority Certificateholder (including in connection with any transfer of a Participation Interest pursuant to Section 2.01 of the Participation Agreement);

(iv)    to assign, grant, transfer, pledge, mortgage and/or convey Mortgage Loans and REO Properties and other assets to any party pursuant to participation agreements, sale agreements, indentures, repurchase agreements or other similar contracts (any of the foregoing, a "Transfer Agreement") pursuant to the terms of the Participation Agreement, including entering into any mortgage asset sale agreement or ancillary agreement relating to sales of Mortgage Loans or REO Properties or transfers of Participation Interests therein;

(v)    to hold, manage and distribute its property and assets and any proceeds thereof (the "Participation Trust Estate") pursuant to the terms of this Agreement and the applicable Transaction Documents (including but not limited to commencing any enforcement proceedings or actions and taking any such further action incidental thereto) whether through a Servicer or otherwise;

(vi)    to enter into, execute, deliver and perform its obligations under the Transfer Agreements, the Participation Agreement, the Participation Certificates, each Participation Supplement, each Servicing Agreement, each Custodial Agreement, any Mortgage Loan documents (including notes), any REO documents, custodial agreements, loan agreements, security agreements, account agreements, participation agreements, servicing agreements, repurchase agreements, electronic tracking agreements, limited liability company agreements and any other documents, certificates, agreements, instruments and financing statements contemplated by any thereof or related thereto or as otherwise determined by the Majority Certificateholder (collectively, with this Agreement, the "Transaction Documents") to which it is or is to be a party; provided, however, if a Participation Certificate is subject to an Indenture, the Majority Certificateholder's right to direct the Participation Trust shall be limited to actions in furtherance of the transactions contemplated by the Participation Agreement, the applicable Servicing Agreement, the applicable Mortgage Asset Purchase Agreement and the related Indenture; and

(vii)    to engage in those activities, including entering into agreements, documents, instruments, certificates, and financing statements that are necessary, suitable or convenient to accomplish the foregoing or are contemplated thereby, incidental thereto or connected therewith.

The Participation Trust is hereby authorized to engage in the foregoing activities. The Participation Trust shall not engage in any activity other than in connection with the foregoing or other than as required or authorized by the terms of this Agreement.

SECTION 2.04.  <u>Appointment of Owner Trustee</u>.   The Depositor hereby appoints the Owner Trustee as trustee of the Participation Trust to have all the rights, powers and duties set forth herein.  The Owner Trustee hereby confirms its acceptance of such appointment and agrees to act as trustee of the Participation Trust for the benefit of the Certificateholders in accordance with and subject to the terms and conditions of this Agreement.  The Owner Trustee shall have only such rights, powers and duties as are specifically and expressly required by this Agreement and, to the extent not inconsistent herewith, the Delaware Act.



SECTION 2.06.  <u>Declaration of Trust</u>.   The Owner Trustee hereby declares that it will hold the Participation Trust Estate in trust upon and subject to the conditions set forth herein for the use and benefit of the Certificateholders, subject to the obligations of the Participation Trust under the Transaction Documents.  It is the intention of the parties hereto that the Participation Trust constitute a statutory trust under the Delaware Act and that the Participation Trust Agreement constitute the governing instrument of such statutory trust.



SECTION 2.08.  <u>Title to Trust Property</u>.  Legal title to the Participation Trust Estate shall be vested at all times in the Participation Trust as a separate legal entity except where applicable law in any jurisdiction requires title to any part of the Participation Trust Estate to be vested in a trustee or trustees, in which case title shall be deemed to be vested in the Owner Trustee, a co-trustee and/or a separate trustee, as the case may be.



7

















**ARTICLE IV**

**ACTIONS BY OWNER TRUSTEE**



SECTION 4.02.  Restrictions on Certificateholders' Power.   While a Participation Certificate is subject to an Indenture (other than in connection with an optional redemption and new issuance of Notes thereunder), the Certificateholders shall not direct the Owner Trustee or the Certificate Registrar to take or to refrain from taking any action if such action or inaction would be contrary to any obligation of the Participation Trust or of any such party under the Participation Trust Agreement or any of the Transaction Documents or would cause a violation of any of the Transaction Documents or would be contrary to or inconsistent with Section 2.03, nor shall the Owner Trustee or the Certificate Registrar be obligated to follow any such direction, if given.

SECTION 4.03.  Majority Control.  Except as expressly provided herein, any action or direction that may be taken or given by the Certificateholders under the Participation Trust Agreement may be taken or given by the holders of Certificates evidencing not less than a majority of the aggregate Percentage Interest.  Except as expressly provided herein, any written notice of the Certificateholders delivered pursuant to the Participation Trust Agreement shall be effective if signed by Certificateholders holding Certificates evidencing not less than a majority of the aggregate Percentage Interest at the time of the delivery of such notice.











## ARTICLE VI

## <u>AUTHORITY AND DUTIES OF OWNER TRUSTEE</u>



SECTION 6.02.  <u>General Duties</u>.  It shall be the duty of the Owner Trustee to discharge (or cause to be discharged) all of the duties expressly required to be performed by the Owner Trustee under the terms of this Agreement and, subject to <u>Section 6.03(a)</u>, the other Transaction Documents to which the Participation Trust is a party and to administer the Participation Trust in the interest of the Certificateholders, subject to and in accordance with the Transaction Documents and the provisions of this Agreement.  Notwithstanding the foregoing, the Owner Trustee shall be deemed to have discharged its duties and responsibilities hereunder and under the Transaction Documents to the extent the Depositor, the Majority Certificateholder, the Certificate Registrar or any other Person has agreed or has been assigned the duty or responsibility hereunder or in any Transaction Document to perform any act or to discharge any duty of the Owner Trustee or of the Participation Trust hereunder or under any such Transaction Document, and the Owner Trustee shall not be held personally liable for the default or failure of the Depositor, the Majority Certificateholder, the Certificate Registrar or any other Person to carry out its obligations under the Participation Trust Agreement or any other Transaction Document.

SECTION 6.03.  <u>Action upon Instruction.</u>

(a)      Subject to <u>Article IV</u> and <u>Section 7.01</u>, the Majority Certificateholder may by written instruction direct the Owner Trustee in the management of the Participation Trust but only to the extent not inconsistent with the limited purpose of the Participation Trust or the obligations of the Participation Trust under the Transaction Documents.  Notwithstanding the foregoing or any other provision of this Agreement, the Owner Trustee shall not be required to take any action hereunder or under any Transaction Document if the Owner Trustee shall have reasonably determined, or shall have been advised by counsel, that such action is likely to result in liability on the part of the Owner Trustee or is contrary to the terms hereof or of any Transaction Document or is otherwise contrary to law.

(b)      Whenever the Owner Trustee is unable to decide between alternative courses of action permitted or required by the terms of the Participation Trust Agreement or under any other Transaction Document, the Owner Trustee shall promptly give notice (in such form as shall be appropriate under the circumstances) to the Majority Certificateholder (and, if a Participation

Certificate is subject to an Indenture, the related Indenture Trustee) requesting instruction as to the course of action to be adopted, and to the extent the Owner Trustee acts or refrains from acting in good faith in accordance with any written instruction of the related Indenture Trustee or the Majority Certificateholder, as the case may be, the Owner Trustee shall not be personally liable on account of such action or inaction to any Person.  If the Owner Trustee receives conflicting instructions from the related Indenture Trustee and the Majority Certificateholder as to the course of action to be adopted, the Owner Trustee shall follow the instructions of the applicable Indenture Trustee.  If the Owner Trustee shall not have received appropriate instruction within ten (10) days of such notice (or within such shorter period of time as reasonably may be specified in such notice or may be necessary under the circumstances) it may take or refrain from taking such action as it shall deem to be in the best interests of the Certificateholders and in accordance with the terms of the Transaction Documents, but shall be under no duty to take or refrain from taking any such action and shall have no personal liability to any Person for such action or inaction.

(c)     In the event that the Owner Trustee is unsure as to the application of any provision of the Participation Trust Agreement or any other Transaction Document or any such provision is ambiguous as to its application, or is, or appears to be, in conflict with any other applicable provision, or in the event that the Participation Trust Agreement permits any determination by the Owner Trustee or is silent or is incomplete as to the course of action that the Owner Trustee is required or permitted to take with respect to a particular set of facts, or if the Owner Trustee otherwise determines instruction to be necessary or desirable, the Owner Trustee may give notice (in such form as shall be appropriate under the circumstances) to the Majority Certificateholder and, if applicable, the related Indenture Trustee requesting instruction and, to the extent that the Owner Trustee acts or refrains from acting in good faith in accordance with any such instruction received, the Owner Trustee shall not be personally liable, on account of such action or inaction, to any Person.  If the Owner Trustee receives conflicting instructions from the applicable Indenture Trustee and the Majority Certificateholder, the Owner Trustee shall follow the instructions of the applicable Indenture Trustee.  If the Owner Trustee shall not have received appropriate instruction within ten (10) days of such notice (or within such shorter period of time as reasonably may be specified in such notice or may be necessary under the circumstances) it may take or refrain from taking such action as it shall deem to be in the best interests of the Certificateholders, but shall be under no duty to take or refrain from taking any such action and shall have no personal liability to any Person for such action or inaction.

SECTION 6.04.  No Duties Except as Specified in this Agreement or in Instructions.  The Owner Trustee shall not have any duty or obligation to manage, make any payment with respect to, register, record, sell, dispose of, or otherwise deal with the Participation Trust or the Participation Trust Estate, or to otherwise take or refrain from taking any action under, or in connection with this Agreement or any Transaction Document or, any document contemplated hereby or thereby, except as expressly provided by the terms of the Participation Trust Agreement or in any document or written instruction received by the Owner Trustee pursuant to Section 6.03 or any other provision of the Participation Trust Agreement; and no implied duties or obligations shall be read into the Participation Trust Agreement or any Transaction Document against the Owner Trustee.  The Owner Trustee shall have no responsibility for filing or recording any financing or continuation statement in any public office at any time or to otherwise perfect or maintain the perfection of any security interest or lien granted to it or the Participation

Trust hereunder or under any Transaction Document or to prepare or file any Securities and Exchange Commission filing for the Participation Trust or to record the Participation Trust Agreement or any Transaction Document.  USBTNA nevertheless agrees that it will, at its own cost and expense, promptly take all action as may be necessary to discharge any liens on any part of the Participation Trust Estate that result from actions by, or claims against, USBTNA that are not related to the Participation Trust, the Participation Trust Agreement, USBTNA's serving as Owner Trustee or the ownership or the administration of the Participation Trust Estate.

SECTION 6.05.  <u>No Action Except Under Specified Documents or Instructions</u>.   The Owner Trustee shall not manage, control, use, sell, dispose of or otherwise deal with any part of the Participation Trust Estate except in accordance with (i) the powers granted to and the authority conferred upon the Owner Trustee pursuant to the Participation Trust Agreement and (ii) any document or instruction delivered to the Owner Trustee pursuant to any provision of this Agreement (including, without limitation, <u>Section 6.03</u> hereof).























**ARTICLE XI**

<u>**MISCELLANEOUS**</u>



SECTION 11.02.  <u>No Legal Title to Participation Trust Estate in Certificateholders</u>.  The Certificateholders shall not have legal title to any part of the Participation Trust Estate.   The holders of the Participation Certificates shall be entitled to receive distributions with respect to their undivided beneficial ownership interest in the Participation Trust Estate only in accordance with the applicable Servicing Agreement and, if applicable, Sections VI and VII of the Participation Agreement.   No transfer, by operation of law or otherwise, of any right, title or interest of the holders of the Participation Certificates to and in their undivided beneficial ownership interests in the Participation Trust Estate shall operate to dissolve the Participation Trust or terminate this Agreement or the Participation Trust hereunder or, to the fullest extent permitted by applicable law, entitle any transferee to an accounting or to the transfer to it of legal title to any part of the Participation Trust Estate.







IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers or agents hereunto duly authorized, as of the day and year first above written.

LSF9 MORTGAGE HOLDINGS, LLC
as Depositor

By:  LSF9 Bermuda Mortgage Holdings, Ltd.,
as Class A Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:    Sandra Collins
Title:    Vice President

By:  LSF9 REO Investments, LLC,
as Class B Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:
Title:

U.S. BANK TRUST NATIONAL
ASSOCIATION,
as Owner Trustee

By: _____
Name:
Title:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers or agents hereunto duly authorized, as of the day and year first above written.

LSF9 MORTGAGE HOLDINGS, LLC
as Depositor

By: LSF9 Bermuda Mortgage Holdings, Ltd.,
as Class A Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:    Sandra Collins
Title:     Vice President

By: LSF9 REO Investments, LLC,
as Class B Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:    Kyle Voltz
Title:     Vice President

U.S. BANK TRUST NATIONAL
ASSOCIATION,
as Owner Trustee

By: _____
     Name:
     Title:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers or agents hereunto duly authorized, as of the day and year first above written.

LSF9 MORTGAGE HOLDINGS, LLC
as Depositor

By:  LSF9 Bermuda Mortgage Holdings, Ltd.,
as Class A Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:
Title:

By:  LSF9 REO Investments, LLC,
as Class B Member of LSF9 Mortgage
Holdings, LLC

By:_____
Name:
Title:

U.S. BANK TRUST NATIONAL
ASSOCIATION
as Owner Trustee

By: _____
Name:      **Tim Matyi**
Title:      Vice President

WELLS FARGO BANK, N.A. hereby accepts
the appointment as Certificate Registrar
pursuant to Section 3.04 hereof.

By: _____
    Name:   Graham M. Oglesby
    Title:     Vice President


WELLS FARGO BANK, N.A. hereby accepts
the appointment as Trust Paying Agent
pursuant to Section 3.09 hereof.

By: _____
    Name:   Graham M. Oglesby
    Title:     Vice President

























